**Commonwealth v. Mihaltian**

*Kevin R. Kane, assistant district attorney,* for the Commonwealth.
*John L. Lachall,* for defendant.

WOOD, *J.*, September 9, 1986—The facts in this case are not in dispute. Defendant was charged with the summary offenses of criminal mischief and disorderly conduct as a result of an alleged incident on June 8, 1985. East Bradford Township Patrolman Edward Clemens filed citations on or about June 8 and June 10, 1985. Defendant pleaded not guilty. With proper notice to all parties, District Justice C. Burtis Coxe scheduled a trial for August 1, 1985. Defendant appeared for trial on August 1, 1985, but no witnesses appeared for the Commonwealth and the Commonwealth put on no evidence. However, defendant was permitted to testify. District Justice Coxe dismissed both charges against defendant.

On December 4, 1985, Patrolman Clemens filed two more citations charging defendant with disorderly conduct and criminal mischief arising out of the same alleged incident of June 8, 1985. Defendant again pleaded not guilty to these citations and requested the court to dismiss the citations on the

basis of double jeopardy. District Justice Coxe scheduled a hearing on the second pair of citations for April 30, 1986. At that hearing, Patrolman Clemens testified that the citations were issued based on the same alleged incident as the previous citations. District Justice John R. Blackburn, sitting for District Justice Coxe, dismissed the citations on the grounds of double jeopardy.

On May 28, 1986, a notice of appeal from summary criminal conviction was filed by the district attorney on a form typically provided for appeals by defendants. Thereafter, 42 days after the dismissal of charges against defendant by Justice Blackburn, the Commonwealth filed an amended notice of appeal.

At the outset, I note that other common pleas courts have held that the Commonwealth may not appeal an adverse summary decision: Commonwealth v. Stumpo, 5 D.&C.3d 416 (1978); Commonwealth v. Fiorini, 75 D.&C.2d 9 (1975); Commonwealth v. Giorgiana, 68 D.&C.2d 307 (1974); Cf. Pa.R.Crim.P. 86(g) (formerly Rule 67).

Former Rule 67 of the Rules of Criminal Procedure, which was in effect at the time of these appeals, provided that only defendant had a right of appeal from summary judgment. The court in Commonwealth v. Giorgiana determined that this also applies to a dismissal of a summary prosecution: Giorgiana, supra, at 310. Accordingly, I will quash the Commonwealth's appeal in this case. However, because the issue of double jeopardy is significant, I will also speak to the merits of the matter.

It is well settled that jeopardy attaches in a nonjury trial when the court begins to hear evidence: Commonwealth v. Klobuchir, 486 Pa. 241, 405 A.2d 881 (1979), cert. den. 445 US 952, 63 L.Ed.2d 787, 100 S. Ct. 1602, reh. den. 446 US 947,

64 L.Ed.2d 804, 100 S. Ct. 2178; Commonwealth v. Culpepper, 221 Pa. Super. 472, 293 A.2d 122; Commonwealth v. Arelt, 308 Pa. Super. 236, 454 A.2d 108 (1982). Jeopardy attached to defendant in this case when he testified before District Justice Coxe, and thus subsequent prosecution was barred by 18 Pa.C.S. §109. The Commonwealth's attempt to distinguish between a "dismissal" and a verdict of not guilty misses the point; the district justice heard testimony before rendering his ruling.

Accordingly, I enter the following

## ORDER

And now, this September 9, 1986, defendant's motion to strike is hereby granted and the appeal is hereby stricken and defendant is discharged, with prejudice to the Commonwealth.