612 A.2d 1085

**COMMONWEALTH of Pennsylvania**

v.

**Leroy BRANCH, Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 1992.

Decided July 16, 1992.

James R. Michael, Uniontown, for appellant.

Ralph C. Warman, Dist. Atty., Uniontown, for Com. appellee.

Before WIEAND, JOHNSON and MONTGOMERY, JJ.

WIEAND, Judge:

The issue in this appeal is whether a trial court which has accepted a guilty plea, subject to review following preparation of a report by the Probation Office, can subsequently reject the plea and the agreement on which it was based. Appellant contends that the trial court's subsequent rejection of guilty pleas to charges alleged in three separate informations violated principles of double jeopardy. For the reasons which follow we reject this argument and affirm the order of the trial court which denied appellant's motion to dismiss.

Leroy Branch was charged at No. 824 Fayette County, 1989, with criminal conspiracy, burglary, theft by unlawful taking and receiving stolen property. Identical charges arising from a separate incident were lodged against him at No. 826 Fayette County, 1989. Finally, at No. 403 Fayette County, 1990, he was charged with harassment, disorderly conduct and retail theft. Pursuant to plea agreement,

Branch agreed to plead guilty to the theft charges contained in informations Nos. 824 and 826 of 1989 and to the harassment and disorderly conduct charges at No. 403 of 1990. In exchange for pleas of guilty to these charges, the Commonwealth agreed to nol pros the remaining charges and recommend that appellant be sentenced to serve concurrent one to two year terms of imprisonment for the two theft charges and to payment of a fine for harassment and disorderly conduct.

On April 3, 1991, a guilty plea hearing was held before the Honorable William J. Franks. During the hearing, the terms of the plea bargain and the factual bases for appellant's pleas of guilty were recited on the record and reviewed.[1] At the conclusion of the hearing, the following occurred:

> THE COURT: All right. We'll permit the guilty pleas at this point, but we have serious reservations on these charges, Mr. Michael, I'll tell you right now. These are very serious offenses, especially the robbery and the house burglary. But, at this point, if the defendant wants—wishes to plead pursuant to the plea bargain, he may do so; but Mr. McFadden, we would like to have your report as soon as you can on this matter.

> MR. McFADDEN [Probation Officer]: We'll do that, Your Honor.

> THE COURT: All right. Thank you very much.

> MR. MICHAEL [Defense Counsel]: Thank you, Your Honor.

> . . . .

> THE COURT: Were you privately retained, Mr. Michael?

> MR. MICHAEL: Court appointed, Your Honor.

> THE COURT: Court appointed in this case?

---

1. Branch also completed and signed an extensive written guilty plea colloquy in which he indicated that he was aware of and understood the rights he would be giving up by pleading guilty.

MR. KORNER [Assistant District Attorney]: Pleas have been entered, Your Honor.

THE COURT: Mr. Branch, you know that by signing those papers in handwriting, you've pleaded guilty to the crimes that we talked about, pursuant to the plea bargain; do you understand that?

THE WITNESS: Yes, sir.

THE COURT: All right. We're not saying that we are going to accept the plea bargain right now. We'll have our Probation Office going to check into these and after we have his report we'll decide whether or not you'll be sentenced in accordance with the plea bargains.

MR. MICHAEL: Is there a sentencing date to be set, Your Honor?

THE COURT: No, it will be set—scheduled but we'll try to let you know prior to the sentencing date.

MR. KORNER: Thank you, Your Honor.

MR. MICHAEL: Thank you, Your Honor.

THE COURT: You're welcome.

Subsequent to the guilty plea hearing, the trial court entered the following order:

AND NOW, this 9th day of April, 1991, it is hereby ORDERED and DIRECTED that the plea bargains in the above-entitled cases are REFUSED. It is further OR-DERED and DIRECTED that the District Attorney shall place these cases on the May, 1991 Criminal Jury Trial List.

On October 4, 1991, appellant filed a motion to dismiss the prosecutions at Nos. 824 and 826 of 1989 and No. 403 of 1990.[2] This motion was denied by the trial court on Decem- ber 12, 1991, and the present appeal followed.

2. As a part of his plea agreement, appellant also agreed to plead guilty to robbery and conspiracy charges at No. 1037 Fayette County, 1989. These charges, however, are not at issue in the instant appeal. In fact, appellant was tried and convicted of the charges at No. 1037 of 1989 prior to his filing of the motion to dismiss the prosecutions at Nos. 824 and 826 of 1989 and No. 403 of 1990, which are the subject of the instant appeal. Although this conviction was appealed, appellant did

■ The appeal is properly before this Court. In *Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286 (1986), the Supreme Court held that a defendant may file an immediate appeal from an order of the trial court denying a pre-trial motion to dismiss on double jeopardy grounds so long as the trial court has not made a written finding that such an appeal would be frivolous. In the instant case, the trial court has made no finding that an appeal would be frivolous; and, therefore, the appeal is properly before this Court.[3]

"The constitutional prohibition of double jeopardy consists of three separate guarantees: (1) It protects against a second prosecution for the same offense after acquittal. (2) It protects against a second prosecution for the same offense after conviction. (3) It protects against multiple punishments for the same offense." *Commonwealth v. Labelle,* 397 Pa.Super. 179, 189, 579 A.2d 1315, 1320 (1990) (en banc), *allocatur granted,* 527 Pa. 623, 592 A.2d 43 (1991), citing *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–665 (1969). See also: *Grady v. Corbin,* 495 U.S. 508, 516, 110 S.Ct. 2084, 2090, 109 L.Ed.2d 548, 561 (1990); *Commonwealth v. Kemmerrer,* 526 Pa. 160, 163 n. 4, 584 A.2d 940, 942 n. 4 (1991); *Commonwealth v. Tarver,* 493 Pa. 320, 324–325, 426 A.2d 569, 571 (1981); *Commonwealth v. Mills,* 447 Pa. 163, 169, 286 A.2d 638, 641 (1971).

not contend that his conviction at No. 1037 had violated principles of double jeopardy.

**3.** Branch also attempts to argue that the trial court erred by refusing to dismiss the charges against him on grounds that the period within which the Commonwealth was required to bring him to trial under Pa.R.Crim.P. 1100 had expired. In a pre-trial appeal pursuant to *Commonwealth v. Brady,* however, a defendant will not be permitted to "piggyback" non-double jeopardy issues. See: *Commonwealth v. Tabb,* 491 Pa. 372, 375 n. 2, 421 A.2d 183, 185 n. 2 (1980), *cert. denied,* 450 U.S. 1000, 101 S.Ct. 1708, 68 L.Ed.2d 202 (1981). A trial court's denial of a motion to dismiss pursuant to Rule 1100 is an interlocutory order and, hence, not immediately appealable. See: *Commonwealth v. Myers,* 457 Pa. 317, 322 A.2d 131 (1974); *Commonwealth v. McPherson,* 368 Pa.Super. 274, 276–278, 533 A.2d 1060, 1061–1062 (1987); *Commonwealth v. Bennett,* 236 Pa.Super. 509, 345 A.2d 754 (1975).

■ Appellant contends that it is the second of these double jeopardy guarantees which is implicated in the instant case. Specifically, he contends that when he entered pleas of guilty on April 3, 1991 to charges contained in the three criminal informations here at issue, jeopardy attached with respect to those charges. Therefore, appellant's argument continues, when the trial court subsequently rejected the pleas and ordered that he stand trial on all charges, the court violated his constitutional right not to be tried a second time for the same offenses.

■ "The entry of a plea of guilty is not only the commencement of the guilt-determining process, but is, if accepted, a final determination of guilt." *Commonwealth v. Lewis,* 295 Pa.Super. 61, 65, 440 A.2d 1223, 1225 (1982) (en banc). Therefore, when a trial court accepts a defendant's guilty plea jeopardy attaches. *Commonwealth v. Arelt,* 308 Pa.Super. 236, 241, 454 A.2d 108, 111 (1982); *Commonwealth v. Potosnak,* 289 Pa.Super. 115, 124, 432 A.2d 1078, 1082 (1981). See: 18 Pa.C.S. § 109(3); *Commonwealth v. Caden,* 326 Pa.Super. 192, 197, 473 A.2d 1047, 1049 (1984). See also: *United States v. Baggett,* 901 F.2d 1546, 1548 (11th Cir.1990), *cert. denied,* ── U.S. ──, 111 S.Ct. 168, 112 L.Ed.2d 133 (1990); *United States v. Cruz,* 709 F.2d 111, 112–114 (1st Cir.1983); *United States v. Jerry,* 487 F.2d 600, 606 (3d Cir.1973).[4]

The cases from the several jurisdictions which have interpreted the double jeopardy effect of a guilty plea have been summarized in the following manner:

Generally, a valid plea of guilty to an indictment, information, or complaint, with its entry on the record, is jeopardy, which attaches when the plea is accepted. Rejecting a guilty plea after acceptance and setting the case for trial constitutes double jeopardy. Accused will be protected from a subsequent prosecution for the same

4. If the guilty plea is withdrawn voluntarily by a defendant, double jeopardy will not preclude a subsequent trial. See: *Commonwealth v. Ellis,* 398 Pa.Super. 538, 557, 581 A.2d 595, 604 (1990) (en banc), *appeal granted,* 528 Pa. 636, 598 A.2d 992 (1991); *Commonwealth v. Arelt, supra.* See also: *United States v. Jerry, supra.*

charge even though the plea of guilty was not followed by judgment and sentence or judgment was suspended or the prosecution was dismissed without the consent of accused.

However, even if jeopardy attaches at the time of acceptance of the plea, it does not attach irrevocably and may be released if there is manifest necessity. Also, a tendered but unaccepted plea of guilty does not place accused in jeopardy, and an unlawful guilty plea is null and therefore does not bar a second prosecution for the same offense. Thus, if a court lacks jurisdiction to accept defendant's plea or if the plea violates any statute, then the plea and sentence will not bar reprosecution.

22 C.J.S. Criminal Law, § 223, at pp. 271–272 (footnotes omitted). See, e.g.: *United States v. Cruz, supra* (double jeopardy violated where, after accepting defendant's guilty plea, trial court subsequently rejected plea based solely on information in pre-sentence report); *United States v. Hecht,* 638 F.2d 651 (3d Cir.1981) (double jeopardy violated where, after accepting defendant's guilty plea, trial court vacated the plea after erroneously concluding that there was no factual basis for the plea).

As applied to the instant case, the relevant inquiry is whether the trial court, in fact, accepted appellant's tendered pleas of guilty at the hearing on April 3, 1991. If the court accepted appellant's pleas, jeopardy attached and, absent manifest necessity, the court could not subsequently reject the pleas and order appellant to stand trial on the same charges.[5] However, if the court did not unconditional-

5. It is questionable, in any event, whether acceptance of a plea of guilty to a lesser offense carries with it an implied acquittal of the greater offense. Therefore, it can be argued that jeopardy did not attach to any charge except the lesser offense to which the guilty plea was tendered. See: *United States v. Cruz, supra* at 114; *Commonwealth v. Newmiller,* 487 Pa. 410, 413, 409 A.2d 834, 835–836 (1979); *Commonwealth v. Klobuchir,* 486 Pa. 241, 405 A.2d 881 (1979) (Opinion in Support of Affirmance per Nix, J.), *cert. denied,* 445 U.S. 952, 100 S.Ct. 1602, 63 L.Ed.2d 787 (1980). See also: *United States v. Hawes,* 774 F.Supp. 965, 969 (E.D.N.C.1991) (jeopardy attaches only to those counts of indictment to which defendant pleads guilty); *Commonwealth v. Potosnak, supra* (same).

ly accept appellant's pleas of guilty, then jeopardy did not attach, and appellant may properly be required to stand trial on the criminal charges to which he attempted to enter pleas of guilty.

After careful review of the guilty plea proceeding which occurred on April 3, 1991, we conclude that the trial court did not unconditionally accept appellant's pleas of guilty. Rather, because the court was concerned with the seriousness of the charges against appellant, it deferred a final decision whether to accept or reject the bargain by which appellant was to enter pleas to lesser offenses until an investigation had been made by the Probation Office and reviewed by the court. Because appellant's guilty pleas were never unconditionally accepted by the trial court, therefore, jeopardy did not attach.

Our conclusion is aided by the decision of the United States Court of Appeals for the Fifth Circuit in *United States v. Sanchez*, 609 F.2d 761 (5th Cir.1980). There, the defendant, who had been charged with distributing heroin, tendered a plea of guilty to the lesser offense of possession of heroin. The District Court stated that it would "temporarily" accept the defendant's plea pending study of a probation report. When the court later rejected the plea, the defendant asserted that his plea of guilty to the possession charge precluded his subsequent trial for distribution of heroin. In rejecting this argument, the Court of Appeals reasoned as follows:

> "The Fifth Amendment's prohibition against placing a defendant 'twice in jeopardy' represents a constitutional policy of finality for the defendant's benefit in federal criminal proceedings." *United States v. Jorn*, 1971, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543, 553. That policy has not been offended in this case: no final judgment was entered on the lesser included offense, Sanchez has not been subjected to the harassment of successive prosecutions and there is no question of multiple trials or multiple punishments. *Because the judge made it clear that she was taking the agreement under*

*advisement, jeopardy did not attach and she acted within the bounds of her discretion in rejecting the agreement and the plea after full consideration of the case.*

*United States v. Sanchez, supra,* 609 F.2d at 763 (emphasis added).

So too in the instant case, the trial court did not accept appellant's guilty pleas unconditionally. Instead, the court made it clear that it had reservations about the terms of the plea agreement and would not determine finally whether it would accept guilty pleas to the lesser offenses until after the Probation Office had made an investigation and reported to the court. Because the allowance of appellant's entry of guilty pleas did not constitute an unconditional acceptance of the guilty pleas, therefore, the trial court could subsequently reject the terms of the plea bargain and require that appellant be tried on all charges.

Order affirmed.

JOHNSON, J., files a concurring opinion.

JOHNSON, Judge, concurring.

I agree with only so much of the Opinion of my learned colleague as concludes that the most distinguished trial court, the Honorable William J. Franks, did not unconditionally accept the defendant's pleas of guilty. This being the case, we should limit our analysis to the application of the statutory law to the facts of this case.

Judge Franks directs this court to 18 Pa.C.S. § 109 as the correct source of double jeopardy analysis in this Commonwealth. That section provides, in pertinent part:

§ 109. **When prosecution barred by former prosecution for the same offense**

When a prosecution for a violation of the same provisions of the statutes is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

.　　.　　.　　.　　.

(3) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in ... *a plea of guilty accepted by the court.* [emphasis added].

Judge Franks succinctly summarized his reasoning as follows:

We hold that a fair reading of the above-quoted provision shows that defendant has not been convicted of any of the crimes charged. It is true defendant did enter pleas of guilty pursuant to a plea bargain; however, those pleas were not accepted in this Court. Unless the pleas are accepted, there is no conviction. 18 Pa.C.S.A. § 109(3). Because there was no prior conviction, prior acquittal, or the possibility of being subjected to multiple punishments for the same offense, jeopardy has not attached.

Opinion, Franks, J., filed December 13, 1991, page 4.

On this appeal, Leroy Branch, through his counsel, seeks to persuade this court that the basic issue to be determined is whether or not "a plea was entered." Brief for Appellant, Summary of Argument, page 5. In the argument section of his Brief, however, Branch fails to distinguish between the "entry" of a guilty plea and its "acceptance" by the court. That distinction is crucial. I agree with Judge Franks that Branch is not in danger of being put twice in jeopardy by virtue of his tendering guilty pleas as the pleas were not accepted and, consequently, no conviction resulted.

I conclude that this appeal is controlled by the plain meaning set forth in 18 Pa.C.S. § 109(3). I also conclude that the plea in this case was tendered, but not accepted. Therefore, I would not find occasion to cite cases in this, or other jurisdictions, which consider factual circumstances involving accepted pleas. Nor would I speculate on whether acceptance of a plea to a lesser offense might carry with it an implied acquittal of a greater offense.

On this submitted appeal, I would agree with my colleagues that the order denying Branch's motion to dismiss

on double jeopardy grounds must be affirmed. I therefore concur in the result.