677 A.2d 1247

**COMMONWEALTH of PENNSYLVANIA, Appellant,**

**v.**

**Andrew P. PACHIPKO, Appellee.**

Superior Court of Pennsylvania.

Argued March 21, 1996.

Filed June 13, 1996.

678

J. Karen Arnold, Asst. Dist. Atty., Bellefonte, for Com., appellant.

Roy K. Lisko, State College, for appellee.

Before POPOVICH, SAYLOR and EAKIN, JJ.

POPOVICH, Judge.

This is an appeal from the order of the Court of Common Pleas of Centre County which partially granted defendant's petition for Writ of Habeas Corpus on May 26, 1995. Defendant was charged with nine counts of Furnishing a Minor with

Alcohol and two counts of Corrupting a Minor arising out of an evening of drinking which resulted in the death of a teenager, Amber Day. Defendant pleaded guilty to nine counts of furnishing alcohol and one count of corruption, and the trial court granted defendant's petition for habeas corpus with regard to the remaining corruption charge. On this appeal, the Commonwealth challenges the trial court's partial grant of habeas corpus presenting the following issue for review:

> Whether the lower court committed an error of law and abused its discretion in basing its habeas decision upon an issue raised by neither party, without notice or opportunity to be heard on the defect perceived by the court, and by further refusing to permit the taking of testimony relative to that issue.

Upon review, we find that, although the trial court erred in granting defendant's petition for habeas corpus, the Commonwealth is without remedy because double jeopardy prohibits subsequent prosecution of that offense. Accordingly, the order of the trial court is affirmed.

The evidence presented at trial revealed the following: In the early morning hours of May 22, 1994, seventeen-year-old Amber Day was a passenger in a vehicle driven by eighteen-year-old Adam Nichols. Day was killed when the vehicle in which she was a passenger was hit broadside by a vehicle driven by nineteen-year-old Wesley Deitrich. On the evening before Amber Day was killed, May 21, 1994, at approximately 9:30 p.m., defendant and two friends, Jay Longo and Roger Heverly, returned to defendant's residence to find Adam Nichols and Jason Dietz at the house with eight to ten empty beer bottles lying on the ground. Defendant had a twelve-pack of Budweiser beer which he left outside in a cooler and another twelve-pack of beer in his refrigerator. Longo had a twelve-pack of beer in his car. Nichols and Dietz also had three six-packs of beer in their car. At approximately 10:30 p.m. that evening, Amber Day, Ken Oliver and Wesley Deitrich came to defendant's residence. During the evening, Chris Yeager, Amanda Faulkner, Denny Coleman, Jamie Corl and Kevin Horner were also present at defendant's residence.

All of the individuals present were under the age of 21 except defendant and Mr. Oliver.

Ms. Corl testified at trial that every person mentioned above was drinking at defendant's house. In particular, Ms. Corl testified that she, Coleman, Longo, Dietz, Horner and Nichols were all drinking alcoholic beverages at appellant's residence on May 21, 1994. When Ms. Corl was asked if she saw Amber Day drinking, her response was inaudible. Yeager and Horner each testified that they drank beer while at defendant's house. Defendant admitted that he was aware that minors were consuming alcohol at his residence and that he allowed it to continue. However, defendant denied ever giving or offering beer to the minors or encouraging them to drink. Yeager, Horner and Ms. Corl testified that defendant did not offer or give them any beer and that they did not know whether defendant was aware that they were drinking beer. Yeager testified that defendant was in a position to see him drinking and Horner and Ms. Corl testified that defendant was talking to everyone present that evening. All persons present, except defendant, left around midnight, and Amber Day was killed soon thereafter.

Defendant was subsequently charged with nine counts of Furnishing Alcohol to a Minor and two counts of Corruption of a Minor with respect to Ms. Corl and Amber Day. A preliminary hearing was held on December 14, 1994, at which time defendant was held for court on all charges. On January 9, 1995, defendant filed a Petition for Habeas Corpus challenging the District Justice's holding him for court. On February 7, 1994, the trial court ordered defendant to file an amended petition setting forth with specificity the claims he wished to make and the grounds therefor in accordance with Pa. R.Crim.P. Rule 9020. Defendant's amended petition contained the following specific allegations:

12. Defendant improperly and unlawfully remains in custody on the charges of selling or furnishing liquor or malt or brewed beverages to minors 18 Pa.C.S. § 6310.1(a) in that:

a. The commonwealth failed to provide any evidence or testimony from alleged minors Dennis R. Coleman, Jerrad

J. Longo, Jason W. Dietz, Wesley D. Deitrich, Adam L. Nichols or Amber L. Day that the defendant furnished beer to them;

b. The Commonwealth failed to provide any evidence that Defendant furnished the alleged beer to any minor. On the contrary, the only evidence presented was that the Defendant was in the same location where the alleged drinking took place. Therefore, there is no proof of furnishing.

13. Defendant improperly and unlawfully remains in custody on the charges of corruption of minors 18 Pa.C.S. § 3301(a) in that:

a. There was no evidence presented that Defendant furnished anything to Amber L. Day or Jamie M. Corl. On the contrary, the only evidence presented was that the Defendant was in the same location where Corl and Day allegedly drank beer.

b. There was no evidence presented that Amber L. Day drank anything at the Defendant's residence.

Amended Petition for Writ of Habeas Corpus, 2/16/95, pp. 2–3.

On May 12, 1995, the trial court held a hearing on defendant's amended petition. At this hearing, the Commonwealth entered into evidence the preliminary hearing transcript and defendant's statement to the police. On May 26, 1995, at the Omnibus Pretrial Motion hearing, the Commonwealth learned for the first time that defendant was pleading guilty to the Information because the trial court had decided to grant defendant's habeas petition as to the Corruption of a Minor charge with respect to Amber Day. The trial court held that the Commonwealth failed to establish a prima facie case as to the corruption charge regarding Amber Day. Specifically, the trial court stated that, although the Commonwealth satisfied the element of corrupting conduct, it failed to present evidence that Amber Day was under the age of eighteen.

The Commonwealth herein appeals the trial court's grant of defendant's Petition for Habeas Corpus based on an issue which was not raised by either party and without notice

to the Commonwealth to provide an opportunity to remedy the defect. Upon review of the trial court's decision in this case, we find that the trial court erred in granting defendant's petition on an issue not presented and without affording the Commonwealth an opportunity to remedy a defect which could have been easily cured.

Rule 9020 of the Pennsylvania Rules of Criminal Procedure provides that "[t]he failure, in any motion, to state a type of relief or order, or a ground therefor, shall constitute a waiver of such relief, order, or ground." Pa.R.Crim.P. Rule 9020(d). In addition, this court has expressed its disapproval when a trial court raises a defense or issue which was not raised by either party. It is clearly inappropriate for a trial court to raise an issue on behalf of a party, thereby acting as an advocate. *MacGregor v. Mediq Inc.*, 395 Pa.Super. 221, 230, 576 A.2d 1123, 1128 (1990); *see also Wojciechowski v. Murray*, 345 Pa.Super. 138, 142, 497 A.2d 1342, 1344 (1985) (trial court had no authority to employ sua sponte Political Subdivision Tort Claims Act as basis for dismissing claim against defendant who had not raised defense).

With respect to the Corruption of Minors charge, defendant's amended habeas petition challenged the Commonwealth's prima facie showing that "defendant furnished anything to Amber L. Day or Jamie M. Corl" and that there was no evidence presented that Amber Day drank anything at the Defendant's residence. Nowhere in defendant's amended petition did he contest the age of Amber Day. Defendant merely contended that the Commonwealth had failed to establish prima facie evidence of the element of corrupting conduct. In its opinion, the trial court stated that "Ms. Corl's general testimony, together with Defendant's admissions, satisfies the Commonwealth's prima facie burden with respect to the element of corrupting conduct." Trial Court Opinion, 5/20/95, pp. 6–7. Upon deciding defendant's concern in favor of the Commonwealth, the trial court was not at liberty to raise an uncontested issue sua sponte, the age of Amber Day, and base its grant of defendant's habeas petition thereon.

■ Furthermore, when presented with a petition for habeas corpus, the scope of evidence which a trial court may consider is not limited to the evidence presented at the preliminary hearing. *Commonwealth v. Morman*, 373 Pa.Super. 360, 365, 541 A.2d 356, 359 (1988); *Commonwealth v. Lawson*, 437 Pa.Super. 521, 528, 650 A.2d 876, 879 (1994). Rather, the Commonwealth is entitled to present such additional evidence as is necessary to establish a prima facie case against the accused. *Id.* The trial court should accept the presentation of any additional evidence by the Commonwealth to prove its prima facie case. *Morman, supra,* 373 Pa.Super. at 367, 541 A.2d at 360.

Therefore, not only did the trial court grant defendant's habeas petition based upon an uncontested issue not raised by either party, but, it did not afford the Commonwealth notice of its decision or an opportunity to present evidence that Amber Day was under the age of eighteen. The trial court erred by granting defendant's habeas petition on the basis that no evidence of Amber Day's age was presented, especially since it could easily have been presented by the Commonwealth.

■ Although we find that the trial court erred in granting defendant's petition for habeas corpus, double jeopardy precludes the relief requested by the the Commonwealth.[1] 18 Pa.C.S.A. § 110 provides that current prosecution is barred by a former prosecution for a different offense when:

(1) The former prosecution resulted in an acquittal or in a conviction ... and the subsequent prosecution is for: ...

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdic-

1. We recognize that, ordinarily, the double jeopardy issue would not be a concern until the Commonwealth refiles the charge. However, defendant has argued in his brief that double jeopardy would preclude subsequent prosecution. Accordingly, in the interest of efficiency, we will address the matter at this time.

tion of a single court unless the court ordered a separate trial of the charge of such offense; . . .

18 Pa.C.S.A. § 110.

When the trial court accepted defendant's plea of guilty to nine counts of furnishing alcohol and one count of corruption of minors, jeopardy attached. *Commonwealth v. Branch,* 417 Pa.Super. 571, 574–75, 612 A.2d 1085, 1087 (1992). Defendant's furnishing alcohol to minors was the conduct upon which the corruption of a minor charge was based. Therefore, prosecution for the corruption charge regarding Amber Day was henceforth precluded when the trial court accepted defendant's guilty plea on the remaining charges. *See Commonwealth v. Bracalielly,* 540 Pa. 460, 658 A.2d 755 (1995); *Commonwealth v. McPhail,* 429 Pa.Super. 103, 631 A.2d 1305 (1993); 18 Pa.C.S.A. Rule 110.

The Commonwealth did not object to the trial court's acceptance of appellee's guilty plea. However, it informed the trial court of the double jeopardy problem which would occur if it were to re-file the corruption charge against defendant. Transcript of Omnibus Pre–Trial Motion, 5/26/95, pp. 3–4. Instead of settling the issue at that time, the trial court accepted defendant's guilty plea and responded to the Commonwealth's concern by warning defendant that the Commonwealth may be able to re-file the charge. *Id.* at 7. Clearly, such a warning was not sufficient to preserve the Commonwealth's opportunity to re-file the charge. As much as we disapprove of the trial court's conduct, we cannot compromise defendant's right to be protected from successive trials for offenses arising from the same criminal episode. Accordingly, we must affirm the order of the trial court.

Order affirmed.