**COMMONWEALTH of Pennsylvania,
Appellee,**

**v.**

**Scott Alan FAILOR, Appellant.**

**Commonwealth of Pennsylvania,
Appellee,**

**v.**

**Keith A. Blosser, Appellant.**

Superior Court of Pennsylvania.

Argued March 18, 1999.

Filed May 25, 1999.

Samuel W. Milkes, Carlisle, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Com., appellee.

Before CAVANAUGH, HUDOCK and HESTER, JJ.

HESTER, J.:

¶ 1 Scott Alan Failor and Keith A. Blosser appeal from the judgments of sentence entered in the Court of Common Pleas of Cumberland County on July 30, 1998, after they were convicted of driving with suspended operating privileges. For the reasons set forth below, we affirm.

¶ 2 While the facts and procedural history of the two appeals are similar, we address each separately. We first examine the Failor appeal. On October 30, 1997, Failor was cited for speeding during a routine traffic stop. On December 1, 1997, the state trooper who cited Failor received a copy of Failor's driving record. That document revealed that Failor's operating privileges were suspended at the time of the stop. Consequently, the trooper filed a citation charging Failor with driving with suspended operating privileges.

¶ 3 On December 12, 1997, nine days after the second citation was filed, Failor pled guilty to speeding before a district justice. The district justice then imposed a fine, which Failor paid. Failor pled guilty to driving with suspended operating privileges before the same district justice on January 21, 1998. Seeking a trial *de novo* on that charge, he subsequently appealed to the court of common pleas.

¶ 4 On February 17, 1998, Failor moved for the dismissal of the prosecution on double jeopardy and joinder grounds. After the parties stipulated to the relevant facts, the trial court denied Failor's request for relief. The court ultimately convicted Failor of the offense in question and sentenced him to pay a fine and costs. Failor then filed a timely appeal.

¶ 5 The facts and procedural history relative to the Blosser appeal may be summarized as follows. On November 9, 1997, a state trooper stopped Blosser and issued him a citation for speeding. The trooper then learned that Blosser had been driving while his operating privileges were suspended and cited him for that offense. Both citations were filed the next day.

¶ 6 On December 2, 1997, Blosser pled guilty to speeding before a district justice. The district justice then sentenced him to pay fines and costs, which Blosser paid. At a January 28, 1998 hearing held before the same district justice, Blosser was convicted of the remaining charge. Seeking a trial *de novo* relative to that charge, Blosser subsequently filed a timely notice of appeal.

¶ 7 On February 17, 1998, Blosser moved to dismiss the prosecution on double jeopardy and joinder grounds. After considering stipulated facts, the trial court denied the requested relief. The court subsequently convicted Blosser of driving with suspended operating privileges and sentenced him to pay fines and costs. Blosser then filed a timely appeal, which we consolidated for purposes of disposition with that of Failor.

¶ 8 Appellants contend that the double jeopardy clauses of the United States and Pennsylvania constitutions barred their prosecution for driving with suspended operating privileges.

It is well-settled that protections afforded an individual under the double jeopardy clauses contained in the United States Constitution, U.S. Const., Amend. V, and the Pennsylvania Constitution, Pa. Const., art. I, § 10, are "coextensive, involving the same meaning, purpose and end." *Commonwealth v. Quinlan*, 433 Pa.Super. 111, 120 n. 4, 639 A.2d 1235, 1240 n. 4 (1994), *citing Commonwealth v. McCane*, 517 Pa. 489, 539 A.2d 340 (1988). Applying a unitary analysis, both provisions protect an individual against a second prosecution for the same offense, where ... a conviction has occurred. When "successive prosecutions are at stake, the guarantee against double jeopardy serves a 'constitutional policy of finality for the defendant's benefit.'" *Commonwealth v. Downs*, 334 Pa.Super. 568, 573, 483 A.2d 884, 886 (1984), *quoting United States v. Jorn*, 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971) (plurality opinion). There are two separate and distinct privileges protected by the double jeopardy clauses: that an individual may not have to suffer successive prosecutions for a single wrongful act, and no individual may be punished more than once for the same offense. *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977). *Commonwealth v. Hockenbury*, 446 Pa.Super. 593, 667 A.2d 1135, 1142 (1995), *aff'd* 549 Pa. 527, 701 A.2d 1334 (1997).

¶ 9 In the present case, Appellants assert that their guilty pleas to speeding precluded their subsequent prosecution for driving with suspended operating privileges since both crimes arose out of a single episode. There can be little doubt that the protections of double jeopardy apply to summary traffic offenses. *See Commonwealth v. Hoburn*, 335 Pa.Super. 536, 485 A.2d 24 (1984). Further-

more, it is clear that jeopardy attaches at the time that a court accepts a tendered guilty plea. *See Commonwealth v. Branch*, 417 Pa.Super. 571, 612 A.2d 1085 (1992). Thus, in order to determine the propriety of the successive prosecutions at issue, we need only apply the test enunciated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See Commonwealth v. Breeland*, 445 Pa.Super. 147, 664 A.2d 1355 (1995). Pursuant to that test, we must compare the statutory elements of the charged offenses and decide if they are either identical or one is a lesser included offense of the other. *Id.* If each statutory provision requires proof of an additional fact that the other does not, they are not considered the same offense for double jeopardy purposes. *Id.*

¶ 10 Appellants were prosecuted for speeding and for driving with suspended operating privileges. *See* 75 Pa.C.S.A. §§ 3362, 1543. While both offenses relate to the operation of a motor vehicle, they clearly were not identical. Nor was one a lesser included offense of the other. Indeed, as their descriptions suggest, the two crimes relate to distinct conduct. Thus, each contains an element not present in the other. Accordingly, the principles of double jeopardy did not preclude successive prosecutions for those crimes notwithstanding the fact that they arose out of the same criminal episode.

¶ 11 Appellants also assert that the successive prosecutions violated 18 Pa.C.S.A. § 110, a provision that extends the constitutional protections against double jeopardy by setting forth a compulsory joinder rule. *See Commonwealth v. Bracalielly*, 540 Pa. 460, 658 A.2d 755 (1995). Section 110, which our Supreme Court has found applicable to summary offenses, *see Commonwealth v. Geyer*, 546 Pa. 586, 687 A.2d 815 (1996), provides in part:

Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by

such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense; or

(iii) the same conduct, unless:

(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil; or

(B) the second offense was not consummated when the former trial began.

18 Pa.C.S.A. § 110.

¶ 12 Instantly, as our review of the record reveals that Appellants pled guilty to speeding charges, the former prosecutions resulted in convictions under Section 110. *Geyer, supra.* Furthermore, the trial court found that each of the requirements contained in Section 110(1)(ii) were met. More specifically, the court stated:

[A]ll matters arose from the same episode and were within the jurisdiction of a single Court. Obviously, all offenses were known to the prosecuting officer since all citations had been filed *before* any guilty pleas were entered. Therefore, we agree with the Defendants that all of the requirements of the statute have been met.

Trial court opinion, 4/17/98, at 5–6. None of the parties challenge the correctness of these findings. Accordingly, we consider the propriety of the court's ultimate conclusion that Appellants have waived the protection afforded to them by Section 110.[1]

¶ 13 While our Supreme Court long has held that the concept of waiver is applicable in the Section 110 context, a defendant ordinarily need not move for consolidation to claim its benefit. *See Commonwealth v. Holmes*, 480 Pa. 536, 391 A.2d 1015 (1978). However, if a defendant knowingly acquiesces in what appears to be an advantageous separation of charges, he cannot later raise an objection claiming the statutory protection from multiple trials. *See Commonwealth v. Carelli*, 291 Pa.Super. 502, 436 A.2d 228 (1981). Thus, a defendant having knowledge of charges filed in two separate municipalities may not remain silent on the question of consolidation, plead guilty to the charges at issue in one municipality, and seek the dismissal of those that remain. *Id.; see also Commonwealth v. Quackenbush*, 314 Pa.Super. 324, 460 A.2d 1162 (1983). As we have pointed out, Section 110 was intended to prevent harassment by the prosecution rather than provide defendants with a procedural expedient for avoiding prosecution. *See Commonwealth v. Bartley*, 262 Pa.Super. 390, 396 A.2d 810 (1979).

1. In arguing that the trial court's denial of the motions to dismiss was proper, the Commonwealth apparently treats Section 110(1)(iii)(A) as an exception to the general rule of preclusion embodied in Section 110(1)(ii). However, our Supreme Court has concluded that such a treatment is improper given the language of the statute. *Geyer, supra.* Accordingly, we limit our analysis to whether the trial court correctly applied the principles of waiver.

¶ 14 Although we have thoroughly examined the case authority relating to Section 110, we have not been able to discover any cases involving the precise facts at issue. Despite this dearth of on-point authority, we believe that the cases involving charges filed in multiple jurisdictions logically are applicable. Instantly, Appellants unquestionably were aware that they had been charged with driving while their operating privileges were suspended at the time that they entered their guilty pleas to the speeding charges. Despite that knowledge, they chose to plead guilty to the speeding charges and remain silent on the issue of consolidation. As in the cases involving multiple jurisdictions, this conduct effectively amounted to acquiescence to the separation of the charges. To allow Appellants to reap the benefit of Section 110 would amount to the creation of a procedural expedient for avoiding prosecution and do nothing to vindicate Section 110's purpose in preventing prosecutorial harassment. Consequently, we find that the trial court correctly concluded that Appellants waived the protection against successive trials afforded by Section 110.

¶ 15 We note that our finding of waiver has no impact upon the ability of defendants generally to challenge the propriety of convictions through the process of *de novo* review. Rather, it deprives defendants of the opportunity to create situations in which Section 110 might apply to bar a successive prosecution. Indeed, our holding would have been different had Appellants not pled guilty to the speeding charges. In those circumstances they would have engaged in no action that effectively demonstrated their acquiescence to the separation of the charges.

¶ 16 Judgment of sentence affirmed.