# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1606 C.D. 2018 |
| | : | No. 1607 C.D. 2018 |
| Raphel Berrien, III, | : | Submitted: November 22, 2019 |
| | : | |
| Appellant | : | |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                        FILED:  January 30, 2020

Raphel Berrien, III (Berrien) appeals,[1] *pro se*, the order of the Lehigh County Court of Common Pleas (trial court), denying his stand-alone petition for the return of seized property as untimely pursuant to Pa. R. Crim. P. 588.[2]  We affirm.

---

[1] Berrien filed two notices of appeal from the same trial court order.  This Court *sua sponte* consolidated the appeals by June 7, 2019 order.

[2] Pa. R. Crim. P. 588 states, in relevant part:

> (A) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he . . . is entitled to lawful possession thereof.  Such motion shall be filed in the court of common pleas for the judicial district in which the property was seized.

> (B) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon.  If the motion is granted, the property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited.

**(Footnote continued on next page…)**

The facts of this case based on the evidence presented at Berrien's criminal trial may be summarized as follows. On December 3, 2016, Berrien's ex-girlfriend (victim) obtained a temporary protection from abuse (PFA) order against him. Berrien was personally served at the victim's home in Whitehall Township (Township), Lehigh County. Berrien was escorted from the home with his belongings. On December 8, 2016, following a hearing, a final PFA order was issued against Berrien for a two-year period, which prohibited him from abusing, harassing, stalking, or threatening the victim. Berrien was also evicted and excluded from the victim's home. Shortly after his removal, the victim discovered

---

**(continued…)**

(C) A motion to suppress evidence under [Pa. R. Crim. P.] 581 may be joined with a motion under this rule.

In turn, Pa. R. Crim. P. 581(A) through (D) states:

(A) The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.

(B) Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in [Pa. R. Crim. P.] 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.

(C) Such motion shall be made to the court of the county in which the prosecution is pending.

(D) The motion shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof.

a hidden camera in her bedroom that was pointed toward her bed. Berrien was the only other person who had stayed in the bedroom.

In spite of the final PFA order, Berrien continued to attempt to communicate with the victim via numerous cell phone calls and texts. On December 15, 2016, Berrien also appeared at the victim's place of employment. The victim saw Berrien hiding across the street while she walked to the parking lot. Berrien approached the victim and attempted to make contact with her. The victim informed Berrien to leave her alone and to comply with the final PFA order. The victim also informed Berrien that she no longer wanted to be in a relationship with him and that he needed to stop harassing her.

On December 24, 2016, Berrien broke into the victim's house and hid behind a couch while the victim entertained guests for the holidays. As guests were leaving through the front door, the victim reached to turn on a light to illuminate a path and Berrien jumped out from behind the couch, proclaiming his love for the victim as she screamed for him to leave. The victim's children were in the house at the time, heard their mother scream, and called the police. Berrien fled the scene before the police arrived.

On January 3, 2017, Berrien sent the victim a threatening text, which included a private picture of her buttocks, and indicated that he would send a short video that she could view. The victim saved the threatening messages that Berrien sent to her via cell phone through text, email, and Facebook Messenger Service, and contacted the police. Berrien continued to contact the victim, expressing his anger for her contact with the police and attempted to blackmail her into continuing their relationship. Berrien sent the victim videos that he had recorded with the hidden camera and threatened to distribute the pictures and videos. The

victim was disturbed to discover that Berrien had secretly recorded sexual videos and was unaware of their existence.

On January 9, 2017, Detective James Lucas of the Township's Police Department filed a criminal complaint charging Berrien with one count each of stalking[3] and harassment. On January 31, 2017, Berrien was also charged with one count of criminal trespass[4] relating to his unlawful entry into the victim's house on December 24, 2016.

An arrest warrant was issued and, after he was finally apprehended, Berrien admitted to his conduct in violation of the final PFA order including sending the victim messages from his LG cell phone. Detective Lucas seized Berrien's LG cell phone and obtained a search warrant for all relevant user-generated data contained therein. Detective Lucas sent Berrien's LG cell phone to be analyzed, and sexual videos and naked photographs of the victim were discovered on the phone.

Prior to trial, Berrien filed a counseled omnibus pretrial motion and a number of *pro se* motions to suppress physical evidence, all of which the trial court denied. None of these pretrial motions sought the return of the seized LG cell phone and receipts, which he used to stalk and harass the victim.

Ultimately, on April 26, 2018, a jury convicted Berrien of all charges. On June 5, 2018, the trial court sentenced Berrien to serve an aggregate 58- to 120-

---

[3] This charge was graded as a third-degree felony based on Berrien's prior 2007 stalking conviction. *See* Section 2709.1(c)(2) of the Pennsylvania Crimes Code, 18 Pa. C.S. §2709.1(c)(2).

[4] This charge was also graded as a third-degree felony based on Berrien's entry into the victim's home without her permission. *See* Section 3503(a)(2) of the Pennsylvania Crimes Code, 18 Pa. C.S. §3503(a)(2).

4

month term of imprisonment. That same day, Berrien filed a counseled post-trial motion seeking his discharge, a new trial, or the modification of his sentence. Again, Berrien did not seek the return of the LG cell phone and receipts that were used to stalk and harass the victim. On June 20, 2018, the trial court denied Berrien's post-trial motion.[5]

On October 25, 2018, Berrien filed the instant *pro se* stand-alone petition for the return of the seized LG cell phone and receipts, which were used to stalk and harass the victim. On October 29, 2018, the trial court denied the petition as untimely,[6] and Berrien filed this appeal of the trial court's order.[7]

---

[5] On July 3, 2018, Berrien appealed his judgment of sentence to the Pennsylvania Superior Court. On July 23, 2018, the trial court directed Berrien to file a Pa. R.A.P. 1925(b) Statement of Errors Complained of on Appeal (Statement). Following the grant of an extension of time, on October 16, 2018, Berrien filed a timely *pro se* Statement in the trial court. Again, Berrien did not raise the issue of the return of his LG cell phone and receipts in his Statement. The Superior Court ultimately quashed the appeal in *Commonwealth v. Berrien* (Pa. Super., No. 2059 EDA 2018, filed October 1, 2019).

[6] The trial court's order denying the petition stated, in relevant part:

> A criminal defendant who claims ownership of seized property by filing a motion for return of property must file that motion "in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." [*Commonwealth*] *v. Allen*, [107 A.3d 709, 717 (Pa. 2014)]. Failure to do so results in waiver of any entitlement to the return of property under [Pa. R. Crim. P.] 588. *Id. See also* [*Commonwealth*] *v. LaBrake*, 134 A.3d 166, 169-70 (Pa. [Cmwlth.] 2016).

Trial Court 10/29/18 Order at n.1.

[7] Because the trial court's denial of the stand-alone petition for the return of property as untimely presents a question of law, "our standard of review is *de novo*, and our scope of review is plenary." *Allen*, 107 A.3d at 714.

On appeal, Berrien claims that the trial court erred and abused its discretion in denying the petition for the return of his seized property because the trial court did not apprise him of his right to do so and the LG cell phone and receipts that were used to stalk and harass the victim were illegally seized by the Commonwealth. However, Berrien's allegations of error in this regard are untenable.

Initially, it must be noted that Berrien did not allege any trial court error in this regard in any of the counseled or uncounseled pretrial or post-trial motions or in the petition itself. Because this issue was not raised before the trial court before, during, or after the criminal trial, this claim will not be addressed for the first time on appeal. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997) ("Rule 302(a) clearly states that issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Further, an appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below. *In Re Lehigh County Constables*, 172 A.3d 712, 717 (Pa. Cmwlth. 2017). Consequently, we conclude that Berrien has failed to preserve any issue for our review. *See* Pa. R.A.P. 302(a).

Moreover, overlooking Berrien's waiver of any claim of trial court error in this regard, as that court stated in the Pa. R.A.P. 1925(a) opinion filed in support of its order:

> [W]e note that a majority of [Berrien's] issues stem from his *pro se* representation and refusal to accept legal aid as he fired both private and appointed counsel throughout the course of his criminal proceedings. [Berrien] quickly became a serial filer in an effort to delay his criminal

6

case which prevented the Court from distinguishing the meritorious issue from the frivolous. [A review of the docket shows that [Berrien] filed over twenty-five (25) motions including three (3) premature appeals to the Superior Court].

Trial Court 11/6/19 Opinion at 7. As outlined above, Berrien did not seek the return of the property used to commit his crimes in any of the numerous counseled and uncounseled pretrial and post-trial motions.

The Pennsylvania Supreme Court has explained:

[I]t is significant to note, as our now-Chief Justice has observed, that "[t]he trial judge is not an advocate, but a neutral arbiter interposed between the parties and their advocates . . . . With certain rare exceptions . . . the trial judge is not duty-bound to raise additional arguments on behalf of one party or another such that, if and when the judge fails to do so, he has 'erred.'" *Commonwealth v. Overby*, [809 A.2d 295, 316 (Pa. 2002)] (Castille, J., dissenting); *see also Commonwealth v. Pachipko*, [677 A.2d 1247, 1249 (Pa. Super. 1996)] (noting that it is "clearly inappropriate" for a trial judge to raise an issue on behalf of a party and act as an advocate for that party). This observation simply mirrors that made by the United States Supreme Court, which determined:

In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate.

*Dennis v. United States*, 384 U.S. 855, 875 [] (1966) (quoted with approval in *Commonwealth v. Edwards*, [637 A.2d 259, 261 (Pa. 1993)]).

*Commonwealth v. Baumhammers*, 960 A.2d 59, 75 (Pa. 2008). Additionally, "[u]nder Pennsylvania law, *pro se* defendants are subject to the same rule of procedure as are represented defendants." *Commonwealth v. Blakeney*, 108 A.3d

7

739, 766 (Pa. 2014). As a result, it was incumbent upon Berrien to either file or request counsel to file a timely petition to return the property that was used to commit his crimes, and the failure of the trial court to advise him to do so does not constitute an abuse of discretion or an error of law.

Finally, it is clear that the trial court did not err or abuse its discretion in denying the untimely petition to return the property that Berrien used to commit his crimes. Although Pa. R. Crim. P. 588 does not explicitly provide guidance regarding the time or deadlines to file stand-alone petitions for the return of property, the Pennsylvania Supreme Court has stated, "a return motion is timely when it is filed by an accused in the trial court while that court retains jurisdiction, which is up to thirty days after disposition." *Commonwealth v. Allen*, 107 A.3d 709, 716-17 (Pa. 2014). The Court cited Section 5505 of the Judicial Code, 42 Pa. C.S. §5505, which provides that a trial court retains jurisdiction to modify or rescind an order within 30 days of its entry, unless an appeal has been filed. 107 A.3d at 717. Importantly, in that case as in this case, the Commonwealth did not file a petition for forfeiture. *Id.* at 714. The Court ultimately held that the defendant's "failure to file a return motion during the pendency of the criminal charges against him or within thirty days following dismissal of the charges results in waiver, precluding review of his stand-alone return petition." *Id.* at 718.[8] Based on the foregoing, the trial court did not err in denying Berrien's petition as untimely in the case *sub judice* because the petition for the return of the seized

---

[8] It should be noted that the Court restricted its holding on waiver to cases in which the defendant's return motion is a stand-alone motion and not filed in response to a forfeiture petition. *See Allen*, 107 A.3d at 715 n.7, 717 n.9. *Accord Commonwealth v. Irland*, 193 A.3d 370, 377 n.9 (Pa. 2008) (distinguishing the facts of that case from the facts and holding of *Allen* where the Commonwealth had pursued forfeiture of a handgun used to commit the crime of disorderly conduct).

property was filed more than 30 days following the entry of the judgment of sentence in his criminal case.

Accordingly, the trial court's order is affirmed.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 1606 C.D. 2018 |
| | : | No. 1607 C.D. 2018 |
| Raphel Berrien, III, | : | |
| | : | |
| Appellant | : | |

**PER CURIAM**

# **O R D E R**

AND NOW, this 30<u>th</u> day of <u>January</u>, 2020, the order of the Lehigh County Court of Common Pleas dated October 29, 2018, is AFFIRMED.