679 A.2d 756

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Nancy Evette ROSARIO, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 20, 1994.

Decided June 25, 1996.

Scott K. Oberholtzer, Acting Chief Public Defender, Linda F. Gerencser, Robert E. Mielnicki, Assistant Public Defenders, for Appellant.

Joseph C. Madenspacher, Dist. Atty., James J. Karl, Asst. Dist. Atty., for Appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## *OPINION*

NIX, Chief Justice.

On May 13, 1991, pursuant to a negotiated plea agreement, Appellant, Nancy Evette Rosario, pled guilty to murder of the third degree. The Court of Common Pleas of Lancaster County subsequently entered an Order on July 1, 1991, which directed that Rosario's guilty plea be withdrawn. Following the denial of her motion for reconsideration, Rosario appealed to the Superior Court. That court affirmed the withdrawal of Rosario's guilty plea, and this appeal followed.

Rosario and two co-defendants, Augustine Rosario and Edwardo Rosario, were charged with the December 7, 1990, killing of Maurice Lee Scott in the Borough of Marietta, Lancaster County. Following a colloquy between the trial court, Rosario, and her attorney, the court accepted Rosario's guilty plea and directed that a pre-sentence investigation be performed for sentencing purposes.

Upon receipt of the pre-sentence investigation report, the trial court directed that Rosario's guilty plea be withdrawn. The court cited as the reason for this action the fact that the report "differed materially from the information provided to the [c]ourt at the time it accepted the guilty plea[ ] of the Defendant[ ]." *Commonwealth v. Rosario*, No. 624 of 1991, slip op. at 2 (C.P. Lancaster County July 17, 1991). Specifically, the court indicated that the report contained testimony of an alleged eyewitness who testified at the preliminary hearing that he saw Rosario stab the victim multiple times. *Id.* at 3–4.

In contrast, Rosario admitted during her plea colloquy that she had stabbed the victim only once. (N.T. 5/13/91, 11). The trial court stated categorically that it would not have accepted Rosario's guilty plea had this testimony been made known prior to the plea colloquy. *Commonwealth v. Rosario*, No. 624 of 1991, slip op. at 4.

The trial court acknowledged that reference was made to this eyewitness testimony at a time prior to the tender of Rosario's guilty plea. *Id.* at 2. The court did, however, explain its reason for not relying on this information during the guilty plea process: "The District Attorney depreciated this evidence in characterizing the witness as being potentially unreliable due to his history and record without detailing the particulars of his testimony." *Id.* In reassessing the strength of the Commonwealth's case against Rosario, the court observed that the credibility of a witness is an issue to be resolved by the finder of fact and that any relevant evidence should preliminarily be disclosed by the prosecution without regard to its perceived strengths or weaknesses. *Id.* at 4–5.

■ Following the entry of the trial court's Order withdrawing Rosario's guilty plea, the Commonwealth charged Rosario with first and second degree murder. Rosario subsequently appealed to the Superior Court and alleged that her continued prosecution in this case was prohibited by the double jeopardy clauses of the United States and Pennsylvania Constitutions as well as the statutory principles of double jeopardy embodied in the Pennsylvania Crimes Code, 18 Pa. C.S. §§ 109 and 110. The Superior Court rejected these arguments and affirmed the trial court's Order. We granted allocatur to address the apparent conflict that exists in the application of sections 109 and 110 of the Crimes Code to the facts of this case.[1]

Section 109 of the Crimes Code provides, in pertinent part:

1. 18 Pa.C.S. §§ 109 and 110 prevent reprosecution for the same offense and for a different offense, respectively. Based on our interpretation of the statutory language of section 109, we need not address the applicability of section 110.

### § 109. When prosecution barred by former prosecution for the same offense

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

. . . .

(3) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or *a plea of guilty accepted by the court.* In the latter two cases failure to enter judgment must be for a reason other than a motion of the defendant.

(4) The former prosecution was improperly terminated after the first witness was sworn but before a verdict, or *after a plea of guilty was accepted by the court.*

18 Pa.C.S. § 109(3)-(4) (emphasis added). It is Rosario's contention that the foregoing provisions preclude the Commonwealth from proceeding with a prosecution for first or second degree murder because jeopardy attached at the time that the trial court accepted her guilty plea. In support of this position, Rosario cites *Commonwealth v. Branch,* 417 Pa.Super. 571, 612 A.2d 1085 (1992), for the proposition that jeopardy attaches when a guilty plea is unconditionally accepted.

In *Branch,* the defendant was charged with criminal conspiracy, burglary, theft by unlawful taking, and receiving stolen property. Identical charges arising from a separate incident were brought against him in a second information. In a third information, the defendant was charged with harassment, disorderly conduct, and retail theft. Pursuant to a plea agreement, the defendant pled guilty to the theft charges contained in the first and second informations as well as the harassment and disorderly conduct charges in the third information. In exchange for pleas of guilty to these charges,

the Commonwealth agreed to nol pros the remaining charges and make specific recommendations concerning sentencing. Following a guilty plea hearing, the trial court ostensibly accepted the guilty pleas but later entered an order directing that those pleas be withdrawn.

The defendant appealed to the Superior Court and alleged that the trial court's rejection of his guilty plea violated double jeopardy principles. In responding to the defendant's claim, the Superior Court observed that "[t]he entry of a plea of guilty is not only the commencement of the guilt-determining process, but is, if accepted, a final determination of guilt. Therefore, when a trial court accepts a defendant's guilty plea jeopardy attaches." *Commonwealth v. Branch*, 417 Pa.Super. 571, 576, 612 A.2d 1085, 1088 (1992) (citations omitted). After careful review of the guilty plea proceeding, the Superior Court concluded that the trial court did not unconditionally accept the defendant's guilty plea, and thus, jeopardy did not attach. *Id.* at 579, 612 A.2d at 1089.

Although Rosario concedes that the court in *Branch* did not rely on 18 Pa.C.S. § 109, she nevertheless maintains that *Branch* controls the instant case because a distinction has never been articulated between statutory and constitutional double jeopardy as to when jeopardy attaches. In interpreting the language of 18 Pa.C.S. § 109(3), Rosario maintains that the prosecution of a defendant is barred in all cases where a guilty plea has been accepted by the court except in those instances in which the defendant requests withdrawal of the plea. We disagree.

Section 109(3) bars the prosecution of defendant in instances in which a prior prosecution resulted in a conviction. For purposes of this rule, "[t]here is a conviction if . . . a plea of guilty [is] accepted by the court." 18 Pa.C.S. § 109(3). The interpretation of the phrase "accepted by the trial court" would thus be dispositive in evaluating Rosario's claim that she can not be prosecuted for second or first degree murder after tendering her guilty plea.

10

■ If we were to adopt Rosario's position that her plea was accepted by the court at the time of the plea hearing, it would create a conflict with Rule 320 of the Pennsylvania Rules of Criminal Procedure by hindering the discretion of the trial judge in permitting or ordering the withdrawal of a guilty plea. Rule 320 provides that "[a]t any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." Pa.R.Crim.P. 320. This rule is clear that, absent an abuse of discretion, a trial judge can order the withdrawal of a guilty plea any time prior to sentencing. The use of the disjunctive "or" clearly identifies two situations when the trial judge can withdraw a guilty plea: when requested by the defendant or *sua sponte* without the defendant's request. Thus, Rosario's argument can not prevail if trial judges are to be afforded the discretion conferred by Rule 320 concerning the withdrawal of guilty pleas.[2]

■ In the instant case, the Superior Court interpreted 18 Pa.C.S. § 109(3)

> to refer only to former prosecutions which resulted in a plea of guilty which continues to stand accepted by the court. . . . In other words, where the ... accepted plea of guilty continues to stand, there is a conviction for the purposes of the statute. But, if there is a ... striking of the guilty plea, there is no conviction for purposes of the statute.

*Commonwealth v. Rosario*, 418 Pa.Super. 196, 204–05, 613 A.2d 1244, 1249 (1992). We agree with this interpretation and find that it permits a trial judge to exercise the discretion to withdraw a guilty plea as contemplated by Rule 320.

This reading of the statute is also consistent with section 1.08 of the Model Penal Code from which section 109 of the Crimes Code is derived. The comment provides that "[a] plea of guilty accepted by the court has the same effect as a verdict

---

**2.** Strictly speaking, a trial judge would still have the discretion to *sua sponte* withdraw a guilty plea under Rosario's premise. However, a trial judge would obviously be much less likely to exercise that discretion knowing that to do so would constitute a bar to a subsequent prosecution.

of guilty. *So long as it stands and is capable of supporting a judgment,* the defendant cannot be prosecuted again for the same crime." (emphasis added). Thus, the drafters of the Model Penal Code clearly premised the bar to subsequent prosecution on a guilty plea that remained in effect during the course of a criminal proceeding. Accordingly, we conclude that the language of 18 Pa.C.S. § 109(3), "a plea of guilty accepted by the court," refers to a guilty plea that continues to remain in effect until the imposition of sentence. To the extent that the Superior Court's holding in *Commonwealth v. Branch,* 417 Pa.Super. 571, 612 A.2d 1085 (1992), conflicts with this construction, it is expressly overruled.

■ Rosario next argues that even if her prosecution for first or second degree murder is not barred by section of 109(3) of the Crimes Code, then section 109(4) [3] applies to the facts of this case. Specifically, she claims that the trial court's withdrawal of her guilty plea constitutes an improper termination of her former prosecution as defined by 18 Pa.C.S. § 109(4). Rosario thus concludes that a subsequent prosecution for second or first degree murder would be prohibited under this section.

In support of the contention that her former prosecution was improperly terminated, Rosario alleges that the record does not support the fact that the trial court was not apprised of all relevant evidence at the time that her guilty plea was accepted. This argument, however, fails to appreciate the context in which we must review the trial court's rulings.

The trial court indicated that the substance of the eyewitness's testimony was not detailed at Rosario's plea hearing. *Commonwealth v. Rosario,* No. 624 of 1991, slip op. at 2 (C.P.

---

**3.** 18 Pa.C.S. § 109(4) provides, in pertinent part:

When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

. . . .

(4) The former prosecution was improperly terminated after the first witness was sworn but before a verdict, or after a plea of guilty was accepted by the court.

12

Lancaster County July 17, 1991). Consequently, the first time that the trial court was made aware of the specifics of this testimony was when it received the presentence investigation report. Rosario seems to imply that there must be some independent source of proof to corroborate the truth of these statements.

The proper standard for evaluating the trial court's withdrawal of Rosario's guilty plea in this case is whether the court abused its discretion. *See* Pa.R.Crim.P. 320. In its supplemental opinion dated July 17, 1991, the trial court has set forth the legal and factual basis supporting its decision to withdraw the plea. Upon review of the record and the reasons cited by the trial court, we are unable to discern, and Rosario has not identified, anything that casts doubt on the trial court's account of what transpired during the guilty plea proceeding. Specifically, Rosario has not demonstrated that the trial court was aware of the substance of the testimony of the Commonwealth's witness at the time that it accepted the guilty plea. We therefore conclude that the court acted within its discretion and must reject Rosario's contention that her prosecution was improperly terminated for purposes of 18 Pa.C.S. § 109(4).

Accordingly, we hold that the prosecution of Nancy Rosario for first or second degree murder in this case does not violate the provisions of 18 Pa.C.S. § 109. The Order of the Superior Court is affirmed.

ZAPPALA, J., concurs in the result.

PAPADAKOS, J., did not participate in the decision of this case.

MONTEMURO, who was sitting by designation, did not participate in the decision of this case.