J-S67018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EMERY GIBSON | |
| Appellant | No. 379 WDA 2014 |

Appeal from the Judgment of Sentence December 6, 2011
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000966-2010

BEFORE: DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY FITZGERALD, J.:          **FILED NOVEMBER 25, 2015**

Appellant, Emery Gibson, appeals from the judgment of sentence entered in the Fayette County Court of Common Pleas after he pleaded guilty to, *inter alia*, aggravated indecent assault,[1] but was sentenced on a count of involuntary sexual deviate sexual intercourse ("IDSI").[2] This Panel granted reconsideration to determine whether Appellant was entitled to enforcement of a plea bargain notwithstanding his statements during the plea colloquy. *Commonwealth v. Gibson*, 379 WDA 2014 (Pa. Super. Feb.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3125.

[2] 18 Pa.C.S. § 3123.

25, 2015) (order). We vacate the judgment of sentence and remand for proceedings consistent with this memorandum.

The procedural history of this case is as follows. Appellant was charged on May 16, 2010, with physically assaulting a nineteen-month-old child ("Victim") in his care, after Victim was taken to an emergency room. Following a further evaluation at Children's Hospital, the treating physician opined Victim's injuries–which included "perianal lacerations," multiple "anal fissures," and extensive bruising of the buttocks and inner thigh—were "highly concerning for a sexual assault." Report of Monique Higginbotham, M.D., 5/18/10, at 4. An amended criminal complaint filed May 24, 2010, charged Appellant with numerous sexual offenses.

The Commonwealth subsequently filed an information listing the following charges:

> **Count 1:** Rape of Child – Serious Bodily Injury.[3]
>
> **Counts 2-4:** IDSI, involving forcible compulsion, a child under 13 years old, and serious bodily injury to a child.[4]
>
> **Counts 5-8:** Aggravated Indecent Assault, involving a child,[5] without consent, and forcible compulsion.[6]

---

[3] 18 Pa.C.S. § 3121(d).

[4] 18 Pa.C.S. § 3123(a)(1), (b), (c).

[5] 18 Pa.C.S. § 3125(b).

[6] 18 Pa.C.S. § 3125(a)(1)-(2).

**Count 9:** Endangering the Welfare of Children.[7]

**Count 10:** Simple Assault.[8]

Information, 7/14/10.

On September 6, 2011, the parties reached an agreement under which Appellant would plead *nolo contendere* to Counts 5 through 10 and be sentenced to four to eight years' imprisonment. After completing written forms memorializing the agreement on the charges and the sentence, the parties appeared before the trial court, at which time the following exchange occurred:

> [Commonwealth]: . . . The offer by the Commonwealth is that [Appellant] may enter a no contest plea to the charges.
>
> THE COURT: Why? Was he drunk?
>
>            \*     \*     \*
>
> [W]hy can't he admit that he committed these offenses? I will take a plea of guilty or consider it.
>
> [Commonwealth]: Your Honor, and I believe that it has to do with the nature of the charges.
>
> THE COURT: Well I won't accept a *nolo contendere* for that reason. I only accept it if he can't remember what he was doing.
>
> Okay, who is next? Do we have something next? Call your next case.

---

[7] 18 Pa.C.S. § 4303(a)(1).

[8] 18 Pa.C.S. § 2701(a)(1).

- 3 -

[Commonwealth]: Your Honor, I have been informed by defense counsel that [Appellant] will enter a guilty plea.

\* \* \*

. . . And the offer of the Commonwealth is four to eight years.

N.T., 9/6/11, at 3-4.

The trial court conducted a colloquy of Appellant. With respect to the charge of aggravated indecent assault listed at Count 5, the following exchange occurred:

THE COURT: And the allegation is that by forcible compulsion he penetrated [Victim] anally resulting in anal and rectal tears with significant bruising with part of the actor's body for the purpose other than good faith medical, hygienic, or law enforcement procedures. Is that correct?

[Commonwealth]: That's correct. And of course, Your Honor, that statute includes that [Appellant] did engage in penetration, however slight, of the genitals or anus.

THE COURT: What was it that he used to penetrate this child?

[Commonwealth]: Your Honor, the Commonwealth can't show specifically what was used but the medical testimony supports anal penetration in this case.

THE COURT: [to Appellant] Did you penetrate her anally?

[Appellant]: Yes.

THE COURT: What was it that you used to penetrate her, your penis?

[Appellant]: No. A spoon.

THE COURT: What? I can't hear you.

[Appellant]: A spoon.

THE COURT: A spoon. You penetrated her anus with a spoon?

[Appellant]: Yes.

*Id.* at 7-8. The trial court asked whether the spoon caused the "rectal tears," and Appellant answered in the affirmative. *Id.* at 8.

The court continued its colloquy on the remaining offenses listed at Counts 6 through 10 and at the conclusion of the hearing, stated it would "accept his pleas." *Id.* at 11. That same day, the court entered an order for a sexual offender assessment indicating it accepted Appellant's plea to, *inter alia*, aggravated indecent assault. Order, 2/6/11.

On December 6, 2011, the trial court convened a sentencing hearing. The court initially noted Appellant was found not to be a sexually violent predator. N.T., 12/6/11, at 2. The court stated, "I want to make it clear that the pleas I took were for [IDSI], . . . endangering the welfare of a child, and simple assault. It's my understanding that he didn't admit to penetrating the child with a body part." *Id.* at 3. The court proceeded to sentence on Counts 2, 3, 4, 9 and 10, but imposed the agreed-upon term of four to eight years' imprisonment for IDSI involving forcible compulsion (Count 2).[9]

---

[9] The trial court imposed no further penalty on the remaining counts on which it purported to sentence.

On December 15, 2011, Appellant filed a timely post-sentence motion alleging ineffective assistance of plea counsel, but did not serve the motion on the trial court. The clerk of the court took no action on the motion due to the lack of service on the trial court. Appellant, on January 15, 2013, filed a notice of appeal in this Court. This Court quashed the appeal due to the absence of an order disposing of Appellant's timely filed post-sentence motion, and remanded for the trial court to consider the motion. *Commonwealth v. Gibson*, 296 WDA 2013 (unpublished memorandum at 6) (Pa. Super. Nov. 12, 2013).

On January 15, 2014, the trial court convened a hearing on Appellant's post-sentence motion. Appellant orally amended his post-sentence motion to defer his claims of plea counsel's ineffectiveness and requested the court vacate the sentence as to Counts 2 through 4 and impose the agreed-upon four-to-eight-year sentence on Counts 5 through 10. N.T., 1/15/14, at 5, 8, 16. The Commonwealth did not object to the amendment of the motion or the relief requested. *Id.* at 23, 27. Although the trial court suggested withdrawing Appellant's guilty pleas and restarting the plea proceedings, Appellant rejected that suggestion. *Id.* at 7. The trial court, on February 3, 2014, denied Appellant's amended post-sentence motion asserting that "relief would be tantamount to the imposition of sentences to charges that were not admitted by [Appellant]." Trial Ct. Order & Op., 2/3/14, at 2.

Appellant, on March 5, 2014, timely appealed and subsequently complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. This Panel previously issued a memorandum decision concluding the trial court erred in sentencing on Counts 2 through 4 because Appellant did not plead guilty to those Counts. *Commonwealth v. Gibson*, 379 WDA 2014 (unpublished memorandum at 10) (Pa. Super. Jan. 7, 2015), *reconsideration granted*, 379 WDA 2014 (Pa. Super. Feb. 15, 2015) (order). We thus vacated the judgment of sentence and remanded the matter for resentencing. *Id.* at 12. However, our prior memorandum suggested that the trial court would have the discretion to withdraw Appellant's plea *sua sponte* before resentencing. *Id.* at 11-12. As noted above, we granted Appellant's motion for reconsideration to address the enforceability of the parties' original plea bargain.

Appellant presents three questions on reconsideration,[10] which we have rephrased as follows:

> Was the sentencing proceeding invalid since [Appellant] was sentenced to counts that were not the counts in the plea agreement the court had accepted?

---

[10] The Commonwealth filed a motion to deem its appellee's brief on reconsideration as timely filed and provided proof of mailing on the extended deadline of April 29, 2015. *See* Pa.R.A.P. 2185(a)(1) ("Briefs shall be deemed filed on the date of mailing if first class, express, or priority United States Postal Service mail is utilized.").

Did the trial court abuse its discretion by compelling [Appellant] to make a statement of guilt in violation of his Fifth Amendment right against self-incrimination?

Will defining the proper administration of an **Alford**[11] plea: 1.) protect the integrity of the justice system by reaffirming the factually innocent defendant's ability to take legal responsibility for a crime without committing perjury; 2.) reduce the number of post-conviction relief act claims . . . ; and 3.) protect defense attorneys from suborning perjury?

Appellant's Brief on Reconsideration at 5.

It is helpful to reiterate that the issues in this appeal arise from Appellant's admission, upon examination by the trial court, that he penetrated Victim's anus using a spoon. Appellant's admission was inconsistent with the agreed-upon charges of aggravated indecent assault (Counts 5-8), because those offenses required, *inter alia*, his use of a body part to penetrate another. **See** 18 Pa.C.S. § 3125(a)(1)-(2), (b). Further, Appellant's admission provided sufficient evidence for a conviction upon the charges of IDSI (Counts 2-4), **see** 18 Pa.C.S. § 3123(a)(1), (b), (c), which the parties originally agreed to have withdrawn by *nolle prosequi*.

We also summarize the issues not in dispute in this appeal. The parties agree that the charge of rape (Count 1) was properly withdrawn. Second, there is no dispute that Appellant's convictions for endangering the welfare of children (Count 9) and simple assault (Count 10). Third, no party

---

[11] **North Carolina v. Alford**, 400 U.S. 25 (1970).

challenges the agreed-upon sentence of four to eight years' imprisonment. Lastly, Appellant does not contest the knowing, intelligent, and voluntary nature of his plea and asserts it should be deemed valid as a "best-interest plea." Thus, the narrow issue, as developed by the parties, is whether Appellant should be sentenced for IDSI (Counts 2-4) or aggravated indecent assault (Counts 5-8).

As to Appellant's first claim, challenging the sentence on Count 2, we reaffirm our previous conclusion that the trial court improperly sentenced Appellant.

> At the hearing on Appellant's post-sentence motion, the parties speculated that there had been communication between the Commonwealth and Appellant's plea counsel after the entry of the guilty plea and before sentencing to adjust the charges that were pled to pursuant to the plea bargain.[ ] N.T., 1/15/14, at 21-22. The apparent purpose was to have the charges better coincide with Appellant's factual admission made during his guilty plea colloquy.[ ] *Id.* at 5-6, 21-22. However, none of the purported communications between the Commonwealth, defense counsel, and the trial court is in the certified record. Neither is there any indication in the record that Appellant was aware of or agreed to modify his plea. This Court may not consider items or circumstances that are not contained in the certified record. **Commonwealth v. Ross**, 57 A.3d 85, 96-97 (Pa. Super. 2012), *appeal denied*, 72 A.3d 602 (Pa. 2013), *citing* **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008).
>
> We conclude, based on the foregoing, that because no guilty plea or adjudication of guilt was entered against Appellant with respect to the IDSI charges at Counts 2, 3, and 4, the sentences imposed on those counts are illegal. **See** [**Commonwealth v. Paige**, 429 A.2d 1135, 1140, n.3 (Pa. Super. 1981)]. Accordingly, we are constrained to vacate the December 6, 2011 judgment of sentence in this

case and remand for further proceedings.[ ] "An illegal
sentence must be vacated." [**Commonwealth v. Tanner**,
61 A.3d 1043, 1046 (Pa. Super. 2003)] (citation omitted).

**Gibson**, 379 WDA 2014 (unpublished memorandum at 9-10).[12] Thus, the

trial court's attempts to enforce the purported modifications to the original

plea agreement resulted in an illegal sentence that must be vacated.

Appellant, in his remaining claims, asserts the trial court erred in

rejecting his request to enforce the original plea agreement between the

parties. He contends the attempt to modify the initial plea agreement "goes

against the spirit and justification behind guilty plea proceedings."

Appellant's Brief at 15-16. He also argues that the trial court's colloquy

exceeded that necessary to accept the terms of the plea agreement and

violated his constitutional privilege against self-incrimination. **Id.** at 15, 27.

Under the unique circumstances of this case, we conclude he is entitled to

enforcement of the terms of his original plea agreement.

In **Commonwealth v. Fluharty**, 632 A.2d 312 (Pa. Super. 1993),

this Court summarized the principles relevant to an "**Alford** plea."

> It is a long established principle of constitutional due
> process that the decision to plead guilty must be
> personally and voluntarily made by the accused.
>
> *       *       *
>
> In order for a guilty plea to be constitutionally valid, the
> guilty plea colloquy must affirmatively show that the
> defendant understood what the plea connoted and its

---

[12] As noted above, we withdrew this decision after granting reconsideration.

- 10 -

consequences. This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

It is clear that before accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea. However, the factual basis requirement does not mean that the defendant must admit every element of the crime. In this respect, the United States Supreme Court[, in **Alford**, 400 U.S. at 37,] has held:

> [W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

> Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when, as in the instant case, a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt.

> It would appear, therefore, that a defendant may knowingly and voluntarily enter a guilty plea as a matter of strategy or expedience even though he or she is unable or unwilling to admit guilt.

**Fluharty**, 632 A.2d 312, 314-315 (citations and quotation marks omitted).

Plea bargaining "is not some adjunct to the criminal justice system; it **is** the criminal justice system." **Missouri v. Frye**, 132 S. Ct. 1399, 1407

(2012) (quoting Robert E. Scott & William J. Stuntz, Plea Bargaining as Contract, 101 Yale L.J. 1909, 1912 (1992)).  As this Court has observed:

> The disposition of criminal charges by agreement between the prosecutor and the accused, . . .  is an essential component of the administration of justice.  Properly administered, it is to be encouraged.  In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule.

> "Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement."  Likewise,

> [T]here is an affirmative duty on the part of the prosecutor to honor any and all promises made in exchange for a defendant's plea.  Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

*Commonwealth v. Anderson*, 995 A.2d 1184, 1191 (Pa. Super. 2009) (citations omitted).

In *Commonwealth v. Parsons*, 969 A.2d 1259 (Pa. Super. 2009) (*en banc*), and *Commonwealth v. Mebane*, 58 A.3d 1243 (Pa. Super. 2012), this Court discussed the trial court's enforcement of plea agreements.   In *Parsons*, the defendant and the Commonwealth reached a plea agreement as to charges of statutory sexual assault and corruption of minors and a specific sentence of six to twenty-three months' imprisonment and five

years' probation. ***Parsons***, 969 A.2d at 1263, 1265. The court accepted the agreement at a plea hearing, but deferred sentencing for the completion of the presentence report. ***Id.*** at 1263. At sentencing, the defendant criticized the negotiated sentence, arguing that it was unduly harsh. ***Id.*** at 1264.

"Despite the clarity of the plea agreement both as to the charges and the specific sentence, and notwithstanding [the defendant's] acknowledgement of the expected sentence at the plea hearing, the court allowed [him] to lodge an untimely challenge to the sentencing term of the plea agreement . . . ." ***Id.*** at 1265. The trial court then "refused to impose the agreed-upon fixed sentence," and it sentenced him to three months' supervision by the County Probation Office for statutory sexual assault, and a consecutive five years' probation for corruption of minors. ***Id.*** at 1264.

The Commonwealth appealed, asserting the trial court erred because it "unilaterally modified a non-severable term of the parties' agreement." ***Id.*** at 1266. As remedies, the Commonwealth suggested, "If the [trial] court were dissatisfied with the sentencing aspect of the agreement, then the proper recourse would have been to reject the plea agreement and return the parties to parity." ***Id.*** Alternatively, "[b]ecause the court accepted the plea but later altered the negotiated sentence provision of the plea agreement without the Commonwealth's consent, . . . the case [could be] remanded for imposition of the sentence pursuant to the plea bargain." ***Id.***

The **Parsons** Court concluded that the trial court erred in setting aside the sentencing term without the Commonwealth's consent. **Id.** at 1272. In terms of the appropriate remedy, the Court determined it was appropriate to vacate the trial court's sentence "and remand for imposition of the sentence pursuant to the plea bargain" that the trial court originally accepted. **Id.** at 1271. We further observed no injustice would occur because the defendant accepted the terms of the plea bargain and had no reasonable expectation of the finality of a sentence below the negotiated term. **Id.**

In **Mebane**, the defendant was arrested for drug related offenses following a traffic stop. **Mebane**, 58 A.3d at 1244. Appellant filed a motion to suppress, which was litigated in February 2010. **Id.** In March 2010, the Commonwealth negotiated an agreement under which the defendant would plead guilty to drug related offenses in exchange for a county sentence and the Commonwealth's waiver of a mandatory sentence. **Id.** After the parties agreed to the bargain, the Commonwealth learned that the trial court intended to deny defendant's suppression motion in part. **Id.** The Commonwealth did not apprise the defendant of the ruling, but rather appeared at a later hearing and withdrew its offer. The trial court determined "fundamental fairness" required enforcement of the terms of the agreement and sentenced the defendant accordingly. **Id.**

The Commonwealth appealed, arguing that the trial court erred in enforcing a promise to waive application of the mandatory minimum statute.

The Commonwealth claimed it was under no obligation to abide by its promise because it was withdrawn before presentation to and acceptance by the trial court. *Id.* at 1244-45.

The *Mebane* Court rejected the Commonwealth's arguments, reasoning:

> Here, we are presented with a unique set of circumstances wherein the trial court determined that enforcement of a plea agreement was warranted in the interest of justice, as a matter of judicial discretion, and not as a matter of right to specific performance—a distinction that has not been addressed in prior decisions .
> . . .

*Id.* at 1248. This Court found no basis to disturb the trial court's findings that the Commonwealth, despite learning of the suppression ruling, led the defendant to proceed under the impression he would be pleading guilty on the scheduled trial date. *Id.* at 1249. Under those circumstances, we concluded that "the trial court acted in conformity with the general policy of maintaining the integrity of the plea bargain process when it determined that enforcement of the plea agreement was warranted in the unique circumstances of this case." *Id.*

Instantly, the parties negotiated clear terms as to the charges and the sentence. The agreement was mutually beneficial to parties. The Commonwealth knew it possessed evidence suggesting Appellant anally penetrated Victim, but could not show what he used. Appellant knew he used a spoon to penetrate Victim, which was sufficient for an IDSI

conviction, and he sought to limit his exposure to punishment.[13]  Both parties waived their constitutional rights to avoid the expense and risk of trial.  They proceeded to the plea hearing at which they presented all facts and circumstances surrounding the agreement.

Although the trial court initially demanded that Appellant plead guilty rather than *nolo contendere*, it accepted the agreement as stated by the parties, despite the gaps in the Commonwealth's evidence and Appellant's admission regarding the penetration.  Appellant, in reliance on the apparent acceptance of the agreement, proceeded to a presentence investigation and a sexual offender assessment.  There is no indication that he refused to comply, asserted he was factually innocent, or claimed his plea was coerced.  The Commonwealth, at some time before sentencing, initiated the effort to modify the charging aspects of the agreement to conform with his admission.

As noted above, the purported modification of the original plea agreement was improper and resulted in a sentence on a charge to which Appellant did not plead.  A consideration of an appropriate remedy, however, involves multiple considerations.

---

[13]  Aggravated indecent assault is generally a second-degree felony. However, aggravated indecent assault of a child is graded as a first-degree felony.  18 Pa.C.S. § 3125(b), (c)(1)-(2).  IDSI is generally graded as a first-degree felony.  A charge of IDSI with a child less than thirteen years of age carries an enhanced maximum sentence of forty years.  18 Pa.C.S. § 3123(a), (b), (d).

Withdrawal of the plea before sentencing falls within the discretion of the trial court. Pa.R.Crim.P. 591(A); *Commonwealth v. Herbert*, 85 A.3d 558, 561 (Pa. Super. 2014) (noting "[w]e will not disturb the trial court's decision to *sua sponte* withdraw a defendant's plea of guilty absent an abuse of discretion."). Although withdrawal of the plea is conceivable following remand, several circumstances weigh upon that option as a remedy.

We reiterate that there are few reported cases guiding a trial court's discretion when withdrawing a plea before sentencing. *See Herbert*, 85 A.3d at 563. None are on point with the concerns raised in this appeal.

As the *Herbert* Court summarized:

> The first case in which we discussed *sua sponte* withdrawal of a guilty plea was in *Commonwealth v. Kotz*, . . . 601 A.2d 811 ([Pa. Super.] 1992). In *Kotz*, a defendant pled guilty and was sentenced on two related informations. After sentencing, the defendant moved to withdraw his guilty plea as to one of the informations, but not the other. The trial court granted Kotz's motion to withdraw his guilty plea as to the one information and *sua sponte* withdrew Kotz's guilty plea as to the other information. We held that "the withdrawal of a guilty plea is initiated by application of the defendant." Thus, we concluded that the trial court lacked jurisdiction to *sua sponte* withdraw the defendant's plea of guilty.
>
> . . . *Kotz* addressed *sua sponte* withdrawal of a defendant's guilty plea after imposition of sentence. Thus, it fell outside of Rule 591 (then Rule 320), which permits the trial court to *sua sponte* withdraw a defendant's plea of guilty prior to imposition of sentence, which is what occurred in the case *sub judice*. Furthermore, . . . our *en banc* Court later rejected most of the dicta in *Kotz*.
>
> In [*Commonwealth v.* ]*Nancy Rosario*, [613 A.2d 1244, 1246 (Pa. Super. 1992),] the trial court chose to *sua*

*sponte* withdraw the defendant's guilty plea because there was an inadequate factual basis for the plea. Specifically, the trial court found that the information provided in the pre-sentence investigation report differed significantly from what was relayed at the plea hearing. We held that "[a] trial [court] is justified in ordering that a plea be vacated if [it] discovers that there is [an] insufficient factual basis to support the plea." Thus, we concluded that the trial court acted appropriately under former Rule 320. Our Supreme Court[, in **Nancy Rosario**, 679 A.2d 756, 760 (Pa. 1996),] affirmed, finding that the trial court did not abuse its discretion in choosing to withdraw Nancy Rosario's guilty plea because of the incomplete information afforded the trial court at the plea hearing.

In **Commonwealth v. Agustin Rosario**[, 652 A.2d 354, 356 (Pa. Super. 1994) (*en banc*)], the trial court *sua sponte* withdrew the defendant's guilty plea because it found that there was no factual basis for the plea. We held that the trial court did not abuse its discretion in withdrawing the defendant's plea of guilty because "the disparity between the factual basis of the plea presented to the court at the plea hearing and the factual statement set forth in the pre-sentence report provide[d] a valid reason for the trial court's withdrawal of the plea."

\* \* \*

In **Commonwealth v. Przybyla**[, 722 A.2d 183, 184 (Pa.Super.1998)], the defendant pled guilty to statutory sexual assault. However, prior to sentencing, the trial court had concerns regarding the harshness of the charge, and therefore *sua sponte* withdrew the defendant's plea of guilty and dismissed the statutory sexual assault charge pursuant to 18 Pa.C.S[ ] § 312. We vacated the order and remanded for further proceedings, finding that the offense was not *de minimis*.

. . . The main issue in **Przybyla** was whether the trial court erred by dismissing the two felony counts against the defendant because it was concerned with the "scarlet letter" associated with a felony conviction for "consensual" sexual conduct between a 19–year–old and a 13–year–old. Thus, the case was decided because of our interpretation

of the *de minimis* statute, and not on factors that the trial court could consider under former Rule 320.

Our Supreme Court, in **Nancy Rosario**, and our *en banc* Court, in Agustin Rosario, have granted trial courts broad discretion in deciding whether to withdraw a guilty plea *sua sponte*.

**Id.** at 563-65 (Pa. Super. 2014) (citations omitted).

In **Herbert**, the Commonwealth charged the defendant with burglary and related offenses arising from an incident on August 2011. **Herbert**, 85 A.3d at 560. In exchange for his promise to cooperate in the police investigation of a codefendant, Appellant pleaded guilty to a lesser charge of theft in December 2011. **Id.** While awaiting sentencing, the defendant was charged with homicide and other charges for incidents occurring in February 2012. **Id.** In March 2012, the Commonwealth moved to revoke the defendant's December 2011 plea because of his failures to cooperate with police, comply with presentence interviews, and appear at a sentencing hearing. **Id.** at 560-61. The trial court subsequently withdrew the December 2011 plea, and the matter proceeded to a trial at which the defendant was found guilty of, *inter alia*, burglary. **Id.** at 561. After the imposition of sentence, the defendant appealed his conviction, alleging the trial court abused its discretion when withdrawing the December 2011 plea. **Id.**

The **Herbert** Court rejected the defendant's argument that he did not breach the plea agreement by failing to assist in the investigation of his

codefendant. *Id.* at 563. The Court also considered whether the trial court considered proper factors when withdrawing the defendant's plea based on his failure to cooperate with the post-plea procedures. *Id.* The Court concluded:

> [W]hen deciding whether to *sua sponte* withdraw a defendant's guilty plea prior to sentencing, a trial court may properly consider whether the defendant has fulfilled his or her obligations under the plea agreement. This includes considering whether the defendant has cooperated during the sentencing process, *i.e.* appearing for his or her pre-sentence interview and sentencing hearing.

*Id.* at 565.

Instantly, unlike other cases in which the court's authority to withdraw a plea *sua sponte* has been affirmed, the trial court was presented with a full recitation of the possible evidence at the plea hearing and purported to accept the plea and the terms of the plea agreement. *Cf. Nancy Rosario*, 679 A.2d at 760; *Agustin Rosario*, 652 A.2d at 356. Further, there was no indication that Appellant failed to cooperate with the implied terms of his agreement to cooperate with the post-plea procedures. *Cf. Herbert*, 85 A.3d at 565. Lastly, the instant case is distinguishable as the sole basis for withdrawing the plea and demanding additional proceedings would be Appellant's statement from a prior plea colloquy.

Withdrawal of the plea could return to parties to a relative *status quo* if they were to proceed to trial. Appellant's myriad trial rights would remain intact. As a general rule, Appellant's factual admission during the colloquy

would not be admissible at a trial. **See** Pa.R.E. 410.[14] It is unsurprising, however, that none of the parties suggested a return to the *status quo* in light of the mutual benefits of a plea agreement, the Commonwealth's averment that it could not prove what was used to penetrate Victim, and Appellant's knowledge that he anally penetrated Victim with a spoon. Thus, compelling the parties to proceed to trial could leave them in a worse position than before the plea proceeding.

_____

[14] Pennsylvania Rule of Evidence 410 provides, in relevant part:

> **(a) Prohibited Uses.** In a . . . criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
>
> > (1) a guilty plea that was later withdrawn;
> >
> > (2) a *nolo contendere* plea;
> >
> > (3) a statement made in the course of any proceedings under . . . [Rule] 590 of the Pennsylvania Rules of Criminal Procedure, Rule 11 of the Federal Rules of Criminal Procedure, or a comparable rule or procedure of another state; or
>
> **(b) Exceptions.** The court may admit a statement described in Rule 410(a)(3) or (4):
>
> > (1) in any proceeding in which another statement made during the same plea or plea discussions has been introduced, if in fairness the statements ought to be considered together . . . .

Pa.R.E. 410(a)(1)-(3), (b)(1).

Withdrawal of the plea could also permit the parties to accomplish the modification the trial court previously attempted. However, such an outcome would have deleterious effects on the integrity of the plea bargaining process. Appellant's admissions in such a scenario would be tantamount to a windfall to the Commonwealth, improving its original bargaining position at the expense of Appellant's position. In this regard, Appellant's assertion that the use of his admission in renewed plea negotiation would violate "the spirit and justification behind guilty plea proceedings" and has merit. *Cf.* Pa.R.E. 410.

An alternative remedy, suggested by Appellant, is that we enforce the terms of the plea bargain as to charges and to sentence. This alternative is problematic as it requires a concession that a factual basis is lacking upon the charges of aggravated indecent assault and brings into question the validity of the plea itself.

However, this is not a case where Appellant contests the knowing, intelligent, and voluntary nature of his plea. Moreover, in light of his admission during the colloquy, Appellant cannot credibly assert he is "factually innocent," if the original plea agreement is enforced. *See* *Commonwealth v. Willis*, 68 A.3d 997, 1008-09 (Pa. Super. 2013) (reiterating precept that a defendant "is bound by the statements made during the plea colloquy," and "may not [later] assert grounds for

withdrawing the plea which contradicts the statements"). Thus, the concerns regarding the underlying validity of the plea are mitigated.

Further, the absence of a factual basis may be used to withdraw a plea where the court discovers "a disparity between the circumstances previously presented to [it] and the physical facts of the case." **Agustin Rosario**, 652 A.2d at 360 (citation omitted); **see also Nancy Rosario**, 679 A.2d at 757 (noting trial court's statement that presentence report "'differed materially from the information provided to the [c]ourt at the time it accepted the guilty plea . . . .'"). Such circumstances may convince the court that it would not have accepted a plea agreement to a lesser charge had it been aware of the physical facts of the case.

The circumstances of this case are distinguishable from the **Rosario** cases, as there was an agreement as to charges and sentences. Appellant pleaded to a lesser charge but admitted guilt to a greater charge. However, there was an agreement upon sentence that no party disputes. The trial court further indicated the sentencing term to be "acceptable sentence consistent with the protection of the public, gravity of the offense as it impacts upon the life of the victim and [Appellant's] rehabilitative needs." N.T., 12/6/11, at 5.

The court, when denying Appellant's amended post-sentence motion, also suggested no harm would result from the modification. Trial Ct. Order & Op. at 2. The same, however, holds true for the Commonwealth if the

sentencing agreement stands. In light of the agreed-upon appropriateness of the sentence, permitting Appellant to plead to a lesser offense would not offend the Commonwealth's or the public's interest in securing justice.[15]

In light of the foregoing, the principles set forth in **Parsons** and **Mebane** illuminate the appropriate remedy in this appeal and accomplishes the greater benefit with the lesser harm under the circumstances of this case. Therefore, we conclude Appellant is entitled to enforcement of the charging terms of his plea bargain.

Judgment of sentence vacated. Commonwealth's motion to accept brief as timely filed granted. Case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judge Donohue concurs in the result.

Judge Mundy files a concurring and dissenting statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/25/2015</u>

---

[15] It merits further mention that although aggravated indecent assault is a lesser offense, it carries similar consequences in terms of sexual offender registration as IDSI. **See** 42 Pa.C.S. § 9799.14(d).