J-A09003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CURTIS MICHAEL RAMEY, SR. | : | No. 261 WDA 2019 |

Appeal from the Order Entered January 22, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006078-2018

BEFORE: SHOGAN, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED JULY 21, 2020**

The Commonwealth appeals an order of the Allegheny County Common

Pleas Court dismissing all charges against Curtis Michael Ramey, Sr., Appellee.

We reverse and remand.[1]

The trial court explained the procedural history as follows:

On January 22, 2019, [Appellee] appeared before Judge McDaniel to enter a general guilty plea to the charges filed against him. [Appellee] intended to plead guilty to violating 18 Pa.C.S.A. § 6105(a)(1) (person not to possess a firearm), 18 Pa.C.S.A. § 2701(a)(1) and (a)(3) (simple assault)[,] and 18 Pa.C.S.A. § 2705 (recklessly endangering another person). During the guilty plea colloquy, while explaining the maximum penalties facing him, [Judge McDaniel] advised [Appellee]:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order appealed was entered by the Honorable Donna Jo McDaniel. Merely days later, this case was assigned to the Honorable Anthony M. Mariani after Judge McDaniel retired.

Do you understand you have been previously convicted of a felony under the drug act and, therefore, you are a person not to possess a firearm although you had a firearm within your control...[?]

[* * *]

[Appellee]: Yes, Your Honor.

[N.T., 1/22/19, at 2–3.]

[* * *]

[Pursuant to Judge McDaniel's direction, t]he Commonwealth then advised the [plea c]ourt:

If this case were to proceed to trial the state would call Officer Benjamin Bernhard, B -E -R -N -H -A -R -D- and Officer Aaron Gardocki, G -A -R -D -O -C -K -I, James Bailey[,] and Michelle Lawson[,] who would collectively testify that on April 18, 2018[,] officers were dispatched to [Appellee's] home where he had pointed a shotgun at a guest at approximately 12:45 a.m. [Appellee], James Bailey [("the victim")] and Michelle Lawson were socializing when—

[N.T., 1/22/19, at 4.]

Judge McDaniel interrupted and asked [the] Commonwealth's counsel to slow down. The assistant district attorney then continued:

When the parties were socializing the conversation turned to a dis-favorable topic. At that point [Appellee] went upstairs, grabbed a shotgun and went downstairs and pointed it at the victim. He then proceeded to kick [the victim] out of his house by pushing him down concrete stairs. The state would rest.

Judge McDaniel asked defense counsel if she had any additions or corrections to which defense counsel responded that she did not. Judge McDaniel then asked if there was a plea agreement reached between the parties. When defense counsel responded by

- 2 -

advising Judge McDaniel that a plea agreement could not be reached but she wished to present mitigating information on behalf of [Appellee], Judge McDaniel stated[:]

> Well, unfortunately, the Commonwealth did not put in its summation the fact that [Appellee] has a prior conviction for felony drugs, therefore, it has not met the requirement of a person not to possess and I will dismiss the charges.

[N.T., 1/22/19, at 5.]

In her formal written order, Judge McDaniel wrote[:]

> This Honorable Court hereby dismisses case (sic) due to insufficient evidence presented during [the] Commonwealth's summary of the facts.

The Commonwealth filed an appeal[,] and on appeal it alleges that Judge McDaniel erred by dismissing all charges against [Appellee]. Based on the record, this [c]ourt is constrained to agree[,] and **it believes Judge McDaniel's order should be reversed and the case remanded to this [c]ourt for further proceedings**.

Pa.R.A.P. 1925(a) Opinion, 6/25/19, at 1–3 (emphasis added).

Judge McDaniel retired a few days after she dismissed these charges, and this case was transferred to Judge Mariani, who issued a Pa.R.A.P. 1925 order. Both the Commonwealth and Judge Mariani complied with Rule 1925.

The Commonwealth asserts the following issue on appeal: "Whether the [plea] court erred in refusing to accept the guilty plea to charges of [violations of the Uniform Firearms Act] VUFA, [s]imple assault and [r]ecklessly endangering another person and then ordering those charges to be dismissed?" Commonwealth's Brief at 5.

The Commonwealth argues that it was disingenuous of Judge McDaniel to state that the Commonwealth had not established that Appellee had a prior felony drug conviction, in that Judge McDaniel "stated that very fact on the record at the beginning of the proceeding." Commonwealth's Brief at 14–15. Referencing Pa.R.Crim.P. 590, "Pleas and Plea Agreements," the Commonwealth acknowledges that while a trial court must determine whether there is a factual basis for the plea, "that requirement does not demand a rigidity that borders on the ridiculous." *Id.* at 15. The Commonwealth asserts that without prompting from anyone, the plea court "informed [A]ppellee that he had a prior drug conviction which made him ineligible to possess a firearm." *Id.* The Commonwealth maintains that while the prosecutor "did not repeat that fact in her summation, it was a fact that no one disputed." *Id.*

Appellee responds that the Commonwealth failed to prove every element of the charged crimes, ignoring and discounting that Judge McDaniel "took notice" of Appellee's prior felony drug offense; Appellee suggests it was not the judge's "duty." Appellee's Brief at 13. Appellee contends:

> The Commonwealth failed to put in its factual summation that [Appellee] had a prior felony drug conviction. Without mention of this material element of the crime of Persons Not to Possess a Firearm by the Commonwealth to [Appellee], . . . Judge McDaniel was correct in her determination that [Appellee's] plea would not have been voluntary and understandingly tendered, because the Commonwealth failed to present to him the fact that they would be presenting his prior conviction as evidence against him in support of his Persons Not to Possess Charge. [Pa.R.Crim.P.] 591 permit[s] judges to withdraw a guilty plea *sua sponte*, and allow[s] the substitution of a plea of not guilty. . . . The substitution of a plea of not guilty by the fact-finder is unnecessary

in the case at hand when the Commonwealth failed to assert a material element of a crime they are prosecuting.

Appellee's Brief at 15.

We agree with Judge Mariani that there was no legal justification for Judge McDaniel's dismissal of all of the charges. As Judge Mariani noted, the fact that Appellee previously had been convicted of a felony drug offense "was of no consequence to the elements of the two simple assault offenses and the charge of recklessly endangering another person." Pa.R.A.P. 1925 Opinion, 6/25/19, at 3–4. With respect to the VUFA charge, Judge McDaniel, herself, specifically informed Appellee that he had been previously convicted of the predicate felony for that offense, and Appellee did not object to that statement. *Id.* at 4. As Judge Mariani maintained, the remaining factual allegation that Appellee brandished a shotgun was sufficient to establish that Appellee was a person not to possess a firearm. As Judge Mariani opined:

> [T]his [c]ourt could find no legal authority that authorizes a trial court to dismiss a charge when a trial court believes the Commonwealth fails to establish a factual basis for a guilty plea. In this [c]ourt's view, the proper protocol would have been to reject [Appellee's] attempt to plead guilty and set the case for trial. Rule 590 of the Pennsylvania Rules of Criminal Procedure govern[s] guilty pleas[,] and nowhere in that rule does it empower a trial court to dismiss criminal charges rather than reject the guilty plea. Accordingly, this [c]ourt believes Judge McDaniel should have simply rejected [Appellee's] efforts to plead guilty **if she believed there was an insufficient basis to establish the elements of the offenses charged in this case**.

*Id.* at 5 (emphasis added).

We agree. If the fact of the prior conviction "needed to be restated," Commonwealth Brief at 15, Judge McDaniel should have asked the prosecutor to supply all of the relevant facts concerning it, or alternatively, refused to accept the plea and ordered the parties to go to trial. Absent an abuse of discretion, we will not disturb a trial court's decision *sua sponte* to withdraw a guilty plea. **Commonwealth v. Rosario**, 679 A.2d 756, 760 (Pa. 1996). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by . . . the record, discretion is abused." **Commonwealth v. Herbert**, 85 A.3d 558, 561 (Pa. Super. 2014). Moreover, Pa.R.Crim.P. 591 provides, in pertinent part, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct[] *sua sponte*, the withdrawal of a plea of guilty . . . **and the substitution of a plea of not guilty**." Pa.R.Crim.P. 591(a) (emphasis added). Our standard of review of Judge McDaniel's disregard of the dictate of Rule 591 requiring "substitution of a plea of not guilty" and thereby committing an error of law, is *de novo*, and the scope of review is plenary. **Commonwealth v. Crawley**, 924 A.2d 612 (Pa. 2007).

Pennsylvania Rule of Criminal Procedure 320 provides: "At any time before sentence, the court may, in its discretion, permit or direct a plea of

guilty to be withdrawn and a plea of not guilty substituted." Our Supreme Court explained Rule 320 in **Rosario**, when it stated:

> [**A]bsent an abuse of discretion**, a trial judge can order the withdrawal of a guilty plea any time prior to sentencing. The use of the disjunctive "or" clearly identifies two situations when the trial judge can withdraw a guilty plea: when requested by the defendant or *sua sponte* without the defendant's request.

**Id.** at 759 (emphasis added). As a result, it is clear that the trial court had the authority, absent an abuse of discretion, to *sua sponte* reject the guilty plea prior to imposing sentence.

Abuse of discretion and error of law are clear in this case. Judge McDaniel, without prompting, informed Appellee that his prior drug conviction made him ineligible to possess a firearm. Appellee did not challenge this statement. While the prosecutor did not repeat that fact in her summation, as noted *supra*, no one disputed it. Moreover, as argued by the Commonwealth, the totality of the circumstances did not demand that the fact be repeated. Commonwealth's Brief at 15. This Court has stated:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences. This determination is to be made by examining **the totality of the circumstances surrounding the entry of the plea. Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea** and that he knowingly and voluntarily decided to enter the plea.

***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (quoting ***Commonwealth v. Fluharty***, 632 A.2d 312, 314 (Pa. Super. 1993) (emphasis added)). If Judge McDaniel required restatement of Appellee's prior felony drug conviction, which she already had underscored and advised, the judge should have asked the prosecutor to supply all relevant facts or refused to accept the plea and ordered the parties, in accordance with our criminal rules of procedure, to go to trial. Dismissing the VUFA charge, as well as the other charges that had no required element involving a prior conviction, was an abuse of discretion.[2]

_____

[2] Contrary to Appellee's claim, double jeopardy is not implicated herein. In a single paragraph, Appellee suggests that when Judge McDaniel dismissed all charges, "jeopardy should have attached." Appellee's Brief at 16. Appellee cites ***Rosario***, 679 A.2d at 757, for the proposition that "a plea of guilty **accepted** by the court has the same effect as a verdict of guilty." Appellee's Brief at 16 (emphasis added). In the case *sub judice*, Appellee ignores the fact that the plea was not accepted.

In actuality, ***Rosario*** supports the conclusion that double jeopardy is not implicated in this case. The ***Rosario*** Court held, for purposes of the statute barring re-prosecution for the same offense, when the former prosecution resulted in a conviction based on a guilty plea "accepted by the court," **jeopardy attaches after sentencing**. ***Id.*** at 759. Appellee's counsel acknowledges that his plea was not accepted by Judge McDaniel but claims "the matter was dismissed at the last possible point in time. [Appellee] came into the guilty plea proceeding with every intention of pleading guilty, which would constitute the same effect as a verdict of guilty" according to ***Rosario***. Appellee's Brief at 16. Appellee admits, albeit without citation, that this Court has held that being at a hearing at which the defendant intended to enter a guilty plea **does not subject the defendant to the risk of being convicted**. ***Id.*** He suggests, however, again without any support, that it did so subject him because "the intention when arriving to a guilty plea proceeding is for defendants to subject themselves to the risk of conviction." ***Id.*** We reject this claim as it lacks legal support and sensible logic.

Order reversed; case remanded for reinstatement of charges. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2020